CHARLES KNOX, Appellant, *v.* DAVID HEXTER, Respondent.

A lease executed by plaintiff to defendant contained a covenant on the part of plaintiff to erect a building upon a portion of the demised premises within a specified time; it was not completed however within the time, and defendant brought an action for a breach of the covenant. Plaintiff (then defendant) interposed a counter-claim in said action, for a quarter's rent accruing while he was so in default, but withdrew it on trial, and the court at the request of defendant (then plaintiff), instructed the jury that no allowance was to be made for the rent; defendant recovered the full value of the use of that part of the demised premises upon which the building was to be erected, during the time he was deprived of the possession by reason of the failure of the plaintiff to perform his covenant, without any deduction for the rent. In an action to recover the quarter's rent; *held,* that the recovery by defendant of the whole value of the use of the premises of which he was deprived, was the equivalent of possession ; and it having been paid, that he was liable for the rent, and was estopped from setting up the want of possession as a defense.

Also, *held,* that it was immaterial whether the covenant to pay rent was dependent upon the covenant to complete the building within the time agreed, so as to make the failure to perform the latter a defense to an action for rent accruing while the default continued, as the defendant elected in the former action to treat the covenant as independent, and must be held to that construction.

(*Knox* v. *Hexter,* 7 J. & S., 109, reversed.)

(Argued December 6, 1877; decided December 18, 1877.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing a judgment in favor of plaintiff entered upon a verdict. (Reported below, 7 J. & S., 109.)

This action was brought to recover a quarter's rent, alleged to be due November, 1, 1871, under a lease from plaintiff to defendant.

By the terms of the lease plaintiff demised to defendant, for the term of eight years, beginning May 1st, 1871, the hotel building known as the Prescott House, in the city of New York, and the five upper stories of buildings to be erected on the adjoining lots, known as 97 and 99 Spring street. The lease provided that plaintiff should take down the old houses on the lots 97 and 99 Spring street, and erect new buildings thereon, according to certain plans and specifications ; and plaintiff agreed to complete and finish such new buildings so that the parts thereof demised to defendant should "be finished and ready for occupation, and possession thereof given   *   *   *   on or before the first day of September," 1871. Rent of the whole premises, payable quarterly, commenced to run from May 1st, 1871, the beginning of the term, without any deduction for the period which was allowed the plaintiff to erect the new buildings on the adjoining lots. When the quarter's rent fell due, August 1st, 1871, the full sum was paid by defendant. But when the November quarter's rent became payable, the new buildings not being fully completed, defendant refused to pay any rent for that quarter, and thereafter this action was commenced to recover the same. Defendant, by his answer, admitted the execution of the lease, but alleged breach of plaintiff's covenant to complete the new buildings within the time agreed, and that by reason of such breach he was deprived of the possesssion and use of the parts of such new buildings demised to him, until after the 1st of November. As a second defense the defendant claimed that, if the facts previously alleged should not be held a bar to plaintiff's entire claim, he sought to be allowed a "proportionate reduction,"

by way of recoupment or counter-claim, for the value of the use and occupation of the parts of the new buildings demised to him, of the possession of which he was deprived.   It appeared that on September 28, 1872, defendant commenced an action against plaintiff to recover damages on account of plaintiff's failure to complete and give possession of the demised parts of the new buildings within the time agreed, and because of his alleged omission to build and construct the same according to his agreement and the plans and specifications referred to in the lease, alleging that from the landlord's neglect and delay in completing the parts of the said new buildings demised by the lease, he was kept out of possession thereof about five months ; and alleging other matters of special damage.   Plaintiff interposed an answer, alleging, among other things, the pendency of this action and the counter-calim set up by Hexter.   His answer also set up, by way of counter-claim, the unpaid quarter's rent. Said action was tried April, 1874, and defendant here recovered a verdict for the full value of the use of that portion of the demised premises of which the plaintiff therein (defendant here) was deprived by the breach complained of, without any deduction for rent, and his judgment thereon was affirmed, on appeal, by this court.   (63 N. Y., 561.) The counter-claim interposed in that action was not passed upon by the court or jury, but during the trial, and before the case was submitted to the jury, was withdrawn and the court, at the request of the then plaintiff (defendant here), instructed the jury that no allowance was to be made to the lessor for rent for that quarter.   Defendant here put in a supplemental answer, setting up the recovery by him.   The court upon trial directed a verdict for plaintiff, to which defendant's counsel duly excepted.   A verdict was rendered accordingly.

*John M. Scribner, Jr.,* for appellant.   Plaintiff's failure to complete and give possession of the new building in time does not bar the recovery of the quarter's rent sued for.

(*La Farge* v. *Mansfield*, 31 Barb., 347; *People* v. *Kelsey*, 38 id., 273; *Kelsey* v. *Ward*, id., 83; *Mayor* v. *Mabie*, 13 id., 153; *Dingan* v. *Hogan*, 16 How. Pr., 171; *Kelsey* v. *Ward*, 16 Abb. Pr., 98; *Tibbits* v. *Percy*, 24 Barb., 43; *Watts* v. *Coffin*, 11 J. R., 495; *Sickels* v. *Fort*, 15 Wend., 560; *Allen* v. *Pell* 4 id., 506; *Etheridge* v. *Osborn*, 12 id., 529; *Gates* v. *Green*, 4 Paige, 355; Taylor's L. and T. [6th ed.], §§ 372, 376, 377; *Bryan* v. *Fisher*, 3 Black?. [Ind.] 316.) Plaintiff's counter-claim having been withdrawn and not passed upon in the former action, the judgment therein was not a bar to this action. (*Burwell* v. *Knight*, 51 Barb., 267; *Snider* v. *Croy*, 2 J. R., 227; *Wheeler* v. *Van Houten*, 12 id., 311; *Louw* v. *Davis*, 13 id., 227; *Foster* v. *Milliner*, 50 Barb., 395; *Thompson* v. *Wood*, 1 Hilt., 97; *Doty* v. *Brown*, 4 N. Y., 71; *Davis* v. *Talcott*, 14 Barb., 611; *E. N. Y. and J. R. R. Co.* v. *Elmore*, 53 N. Y., 624; *Kerr* v. *Hays*, 35 id., 331; *Livermore* v. *Bainbridge*, 14 Abb. [N. S.], 235; *Gillespie* v. *Torrance*, 25 N. Y., 306–309; *Lignot* v. *Redding*, 4 E. D. S., 285.)

*Samuel Hand*, for respondent. Plaintiff having had possession or enjoyment of only a portion of the property demised, is not liable for any of the rent. (*Grant* v. *Johnson*, 1 Seld., 247; *Neale* v. *McKenzie*, 1 M. & W., 747, 763; *Gardiner* v. *Williamson*, 2 B. & Ad., 336; *Chanter* v. *Leese*, 4 M. & W., 311; *Tompkins* v. *Elliott*, 5 Wend., 496; *Cunningham* v. *Morrell*, 10 J. R., 203; *Tipton* v. *Fertner*, 20 N. Y., 423; *Champlin* v. *Rowley*, 18 Wend., 187; *Dew* v. *Dox*, 9 id., 129; *Pordage* v. *Cole*, 1 Saund., 320, b; *Coombe* v. *Greene*, 11 M. & W., 480; *Glazebrook* v. *Woodrow*, 8 T. R., 366; *Counter* v. *Macpherson*, 5 Moore P. C. C., 83; *McClurg* v. *Price*, 59 Penn., 420; *Blair* v. *Clareton*, 18 N. Y., 529; *Moffat* v. *Strong*, 9 Bos., 57; *Campbell* v. *Shields*, 11 How., 565; *Lansing* v. *Van Alstyne*, 2 Wend., 561; *Gallup* v. *Albany R. Co.*, 7 Lans., 471; 65 N. Y., 1; *Lounsbury* v. *Snyder*, 31 id., 514; *Edgerton* v. *Page*, 20 id., 281; *Christopher* v. *Austin*, 1 Kern., 217; *Dyett* v. *Pendleton*, 8

Cow., 727; *Cohen* v. *Dupont*, 1 Sandf., 260; *Seurs* v. *Payn*, 4 Wend., 423; *Upton* v. *Townsend*, 17 C. B., 30; *Morrison* v. *Chadwick*, 7 id., 266; *Etheridge* v. *Osborn*, 12 Wend., 532; *Lawrence* v. *French*, 25 id., 443; *Hulburt* v. *Post*, 1 Bos., 29; *Kelsey* v. *Ward*, 38 N. Y., 83; *Mayor* v. *Mabie*, 3 Kern., 153.) The present claim having been set up in the former action, the judgment therein was a bar to it. (*Davis* v. *Talcott*, 12 N. Y., 190; *Campbell* v. *Butts*, 3 id., 173; Freeman on Judgments, § 275.)

ANDREWS, J. In the action of *Hexter* v. *Knox* (63 N. Y., 561), the present defendant recovered the full value of the use of the premises Nos. 97 and 99 Spring street, included in the lease for the time he was deprived of the possession by the failure of the lessor to complete the buildings thereon, according to his covenant.

The counter-claim for the rent for the quarter ending November 1, 1871, was withdrawn on the trial, and the jury were instructed at the request of the then plaintiff, that in making up their verdict no allowance was to be made to the lessor for rent for that quarter, and the jury made no allowance therefor. The tenant, after having recovered in that action the full value of the use of the demised premises for the time he was deprived of the possession, now resists the payment of rent because of the breach of the lessor's covenant to complete the buildings by the 1st of September, 1871. It would be most unjust if this defense should be allowed to prevail. The verdict in Hexter's favor for the whole value of the use of the premises, of which he was deprived, was the equivalent of possession, and it having been paid, there is no reason in justice or law why he should not pay the rent. He procured the court in his action to hold a rule of damages which gave him the entire value of the premises during the time he was deprived of the occupation, without deduction for the rent he had agreed to pay, and he is now estopped from setting up the want of possession as a defense to this action.

We do not deem it necessary to decide, as an original ques-

tion, whether the covenant to pay the rent was dependent upon the covenant to complete the buildings on Spring street at the time agreed, so as to make the failure to complete them a defense to any action for rent accruing while the default continued. The defendant, by his former action and his course upon the trial, elected to treat the covenant as independent, and he must now be held to that construction.

The order granting a new trial should be reversed, and judgment at the Circuit affirmed.

All concur.

*Order reversed, and judgment affirmed.*