By the Court.—Sedgwick, Ch. J.
On April 2, 1884, the plaintiff and defendant entered into written lease, by which the defendant let, and the plaintiff hired a store at the yearly rent of $2,500, payable monthly in advance, for three years beginning May 1, 1884. The plaintiff went into possession of the upper floor of the premises on May 1, but claimed that the defendant did not deliver possession to him of the lower part of the premises until July 15.
On the argument of the appeal, the learned counsel for appellant took the position that the action was brought to recover damages sustained by the plaintiff by reason of the failure of the defendant to deliver possession before July 15.
One of the defenses to this claim was that by mutual compromise this claim had been settled and discharged, *406 by the defendant deducting from rent due and unpaid a certain amount which the plaintiff agreed should be in satisfaction of the claim he made in this action.
On the trial, the judge held that the evidence showed that such a settlement had been made, and directed a verdict for the defendant. The plaintiff asked to go to the jury on the question whether or not the agreement between the parties comprehended the claim made in this action, and did not ask that any other question be sent to the jury.
The most important piece of evidence to show that the claim had been settled was a receipt given by defendant, as follows : “Received this July 17, 1884, from Ohristino S. Fondevila the sum of $241.66, being in full balance of rent of premises at 100 Maiden Lane, leased by me to him, for months of June and July, 1884. In settlement of difference, the above amount is received. 0. Jourgensen.” The plaintiff denied that at the time he took back the receipt after it was signed, he knew that the last sentence had been added to it, by the defendant. The proof showed that the defendant did add it. But the rest of the receipt was understood by the plaintiff. It had been prepared for him by a friend, and he, the plaintiff, had handed it to the defendant for signature. The intrinsic nature of the transaction, as described by the receipt, in light of other facts proven by undoubted testimony, shows that the settlement was made. The only reason the plaintiff had for urging a deduction from the rent was that he had not been put in possession of all the premises. If he had not made such, a claim, the whole rent would have been undoubtedly due. His right would have been to recover his damages, and his obligation to pay the rent (Knox v. Hexter, 71 N. Y. 461). The receipt as prepared and retained by him showed that he had accepted an acquittance for part of the rent, and the only consideration for this, that the circumstances permit, was his acquittance of the defendant from the damages claimed in this action. The ruling below should be sustained.
*407 In fact, however, it appears in the testimony that the plaintiff did not show himself entitled to any damages in his avowed cause of action. The measure of damages upon an implied agreement of a lessor to yield to the lessee possession of the premises, is the difference between the yearly value of the premises and the rent (Trull v. Granger, 8 N. Y. 115). No such difference was attempted to be proved.
There was involved in the transaction between the parties, a promise, testified to by plaintiff and denied by the defendant, that the latter would before the commencement ' of the term put the premises in good order, &c. The complaint avers that this promise was made when the parties made the written agreement. This agreement does not show any such promise, and the promise, if made, must have been verbal. The only competent evidence of the agreement of the parties, was the written instrument (Cleeves v. Willoughby, 7 Hill, 83).
Judgment affirmed, with costs.
Freedman, J., concurred.