DAVID HEXTER, Respondent, v. CHARLES KNOX, Appellant.

| 63   561|
|139   436|
| 63   561
|144   47|

.Plaintiff leased of defendant a hotel in the city of New York and certain adjoining premises, defendant covenanting to tear down the old building and to erect a new building on the adjoining premises to be used in connection with the hotel, the new building to be completed and plaintiff put in possession by a specified time. Plaintiff was then occupying the hotel and a building upon a portion of the adjoining premises under a former lease. He removed the furniture from the rooms in said building and stored it while the new building was being erected. Defendant failed to complete said new building within the time specified. In an action to recover damages for breach of the covenant, *held*, that plaintiff was entitled to recover the rental value of the use, for hotel purposes, of the rooms in the new building during the time he was deprived of the use thereof by defendant's default, and as to such of the rooms for which plaintiff had the furniture, he was entitled to the value of their use as furnished rooms.

Where a landlord covenants in his lease to make certain repairs, in case of a breach of the covenant the tenant may make the repairs and charge the expense to the landlord, but he is not boun ᵗ so to do, and may recover as damages for the breach the value of the use of any portion of the premises during the time it is rendered untenantable because of failure to make the repairs.

(Argued December 13, 1875; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 7 J. & S., 109.)

This was an action to recover damages for alleged breaches of covenants in a lease executed by defendant as lessor.

Defendant leased to plaintiff a hotel property in the city of New York, known as the "Prescott House," and five stories of a new building to be erected on adjoining lots in the rear of the hotel, known as Nos. 87 and 89 Spring street, for the term of eight years from May 1, 1871. Defendant covenanted to tear down the buildings on said Spring street lots and to immediately erect a new building five stories high, the floors to be level with the five upper stories of the hotel, and to have the new building entirely

completed and ready for occupation and possession by plaintiff on or before September 1, then next. Defendant also covenanted to complete certain specified repairs in the hotel building. Among other things, to repair the ceilings where broken and to repair and paint the hotel. roof so as to be water-tight. At the time of the execution of the lease, plaintiff was occupying, as tenant, the hotel and old building adjoining on No. 97 Spring street, using them together as a hotel under a lease, which expired on said May 1, 1871. The rooms in No. 97 Spring street were furnished for guests, and the new building was designed to be used as a part of the hotel. After the execution of the new lease, the furniture was removed preparatory to the taking down of the old building, and was stored to be used in the new building. Defendant did not finish the new building within the time specified. He also removed a balustrade in making repairs upon the hotel, in doing which, as plaintiff's evidence tended to show, openings were made in the covering of the roof, and during a storm which occurred in October the water penetrated through and rendered the upper rooms unfit for . occupation, and thereby also the ceilings were cracked and broken. Plaintiff repeatedly notified defendant to make the repairs, but he did not do it, and plaintiff, after waiting about six weeks, made them himself. Plaintiff claimed as damages the moneys expended by him in making the repairs, and also the value of the use of the rooms in the old and new building during the time he was deprived of their use in consequence of the alleged breaches.

The court charged, among other things, in substance, that for the breach of the covenant to complete the new building plaintiff was entitled to the rental value of the use of the rooms in the new building for hotel purposes during the time he was deprived of them by the default of defendant. That as to such of the rooms for which plaintiff had furniture he was entitled to damages based upon the value of their use as furnished rooms. To which defendant's counsel duly excepted.

Defendant's counsel requested the court to charge, that plaintiff could only recover the value of the use of the rooms, unfurnished or in the condition in which defendant was to deliver them. The court refused so to charge, and said counsel duly excepted.

As to the failure to make repairs, the court charged, in substance, that plaintiff was not bound to make any repairs which defendant had contracted to make, and was entitled to recover the loss of the use of the rooms of which he was deprived by reason of defendant's neglect to make the repairs.

Defendant's counsel requested the court to charge, that plaintiff could not recover for the use of the rooms except for the time it would necessarily take to repair them. Also, that if plaintiff knew of a defect which caused damage, he was bound to have it repaired as soon as it could reasonably have been done, and if he did not do so, he could not recover for subsequent damages. The court refused so to charge, and said counsel duly excepted.

*Wm. McDermott* for the appellant. The court erroneously charged that plaintiff was entitled to recover for the use of the rooms furnished. (*Griffin* v. *Colver*, 16 N. Y., 489; *Ruff* v. *Rinaldo*, 55 id., 664; *Giles* v. *O'Toole*, 4 Barb., 261; *Kinney* v. *Watts*, 14 Wend., 41; *Peters* v. *McKeon*, 4 Den., 549; *Conger* v. *Weaver*, 20 N. Y., 146; *Bush* v. *Cole*, 28 id., 270; *Academy of Music* v. *Hackett*, 2 Hilt., 217; *Noyes* v. *Anderson*, 1 Duer, 353; *Blanchard* v. *Ely*, 21 Wend., 348; *Wager* v. *Schuyler*, 1 id., 553; *Morris* v. *Phelps*, 5 J. R., 49; *Guthrie* v. *Pugsley*, 12 id., 126; *Myers* v. *Burns*, 83 Barb., 401; 35 N. Y., 269.) To have enabled plaintiff to recover he should have proved that he could have rented the rooms in the new building if finished in time. (*Wayne* v. *Cornell*, 40 Barb., 175.) The court erred in refusing to charge that plaintiff was bound to have repaired such defects as he knew of, which caused damage, as soon as he reasonably could. (*Cook* v. *Soule*, 56 N. Y., 420; *Hamilton* v. *McPherson*, 28 id., 72; *Baker* v. *Drake*, 53 id., 211; *Shannon* v.

*Comstock,* 21 Wend., 461; *Heksher* v. *McCrea,* 24 id., 308.)
The court erred in refusing to charge that if plaintiff was
present when the work was done and saw the materials and
workmanship, and did not object, he cannot make such objec-
tion now. (*Sinclair* v. *Tallmadge,* 35 Barb., 602; *Wyckoff*
v. *Myers,* 44 N. Y., 143.)

*Samuel Hand* and *Stephen A. Walker* for the respondent.
The court properly charged plaintiff was entitled to recover
the rent of the furnished rooms for hotel purposes, for such
as he had furniture for, and of the unfurnished rooms the
value of the use and occupation of them as unfurnished rooms.
(*Griffin* v. *Colvin,* 16 N. Y., 489, 496, 497; Sedg. on Dam.,
59; *Passenger* v. *Thorburn,* 34 N. Y., 634; *Smeed* v. *Ford,*
1 El. & El., 602; *Rogers* v. *Beard,* 36 Barb., 31; *Hinckley*
v. *Beckwith,* 17 Wis., 413; 34 Penn., 9; *Berries* v. *Hutchin-
son,* 18 C. B. [N. S.], 445; *Randall* v. *Roper,* E., B. & E. [Q.
B.], 82; *Lock* v. *Furze,* L. R., 1 C. P., 441; *Myers* v. *Burns,*
35 N. Y., 269; *Ruff* v. *Rinaldo,* 55 id., 664; *Cook* v. *Soule,*
56 id., 420; *Mills* v. *East London Union,* L. R., S. C. P., 82,
87.) There was no error in the refusal to charge that plain-
tiff could only recover for the use of the rooms of which he
was deprived by leakage or cracking of the building for the
time it would necessarily take to repair them. (*Rushmore* v.
*Hall,* 12 Abb., 420; *Kiernan* v. *Rocheleau,* 6 Bosw., 148;
*Harding* v. *Barney,* 7 id., 353; *Green* v. *Eales,* 2 L. B., 225;
*Walker* v. *Swazey,* 3 Abb., 136; *Makin* v. *Watkinson,* L. R.,
6 Exch., 25; *Dempsey* v. *Hartsfield,* 30 Ga., 866; *Willey*
v. *Fredericks,* 10 Gray, 357; *Keyes* v. *West. Co.,* 34 Vt., 81;
*Ogle* v. *Vane,* L. R., 2 Q. B., 275; *Payne* v. *Rogers,* 2 H.
Black., 350; *Dervent* v. *Wiltsie,* 9 Wend., 325; *Chic. R. R.
Co.* v. *Ward,* 16 Ill., 522; *Heany* v. *Heany,* 2 Den., 625.)
The judge properly refused to charge that if plaintiff failed to
pay his rent when it became due he could not recover any
damages after such non-payment. (*Neale* v. *Ratcliff,* 15 Q.
B., 916; *Coward* v. *Gregory,* L. R., 2 C. P., 153, 172; *Cook*
v. *Soule,* 56 N. Y., 420.)

ANDREWS, J.   The defendant failed to perform his covenant contained in the lease of April 28, 1871, to complete the new building, which he was to erect on Nos. 97 and 99 Spring street, and to give possession to the plaintiff of the five stories above the ground floor on or before the first day of September of that year.

There was a conflict of evidence ·in respect to the period after that date, during which the building remained unfinished ; but that there was a breach of the covenant to complete the building by the day designated in the covenant is undisputed.

The judge on the trial ruled that the plaintiff was entitled to recover for the breach of this covenant the rental value of the use for hotel purposes of the rooms in the new building during the time he was deprived of their use by the default of the defendant.   The plaintiff, when the lease was executed, occupied the building known as the Prescott House, fronting on Broadway, and a building on No. 97 Spring street adjacent thereto, under a lease from the defendant which expired May 1, 1871, for hotel purposes.   The building No. 97 Spring street contained rooms for guests, which the plaintiff had furnished, and the furniture was removed and stored by the plaintiff in the Prescott House while the new building was being erected.   The judge also instructed the jury that as to such of the rooms as the plaintiff had the furniture for he was entitled to damages, based upon the value of their use as furnished rooms, and refused to charge as requested by the defendant's counsel that the plaintiff could only recover .the value of the use of the rooms unfurnished, or in the condition in which the defendant was to deliver them.

The general proposition stated in the charge that the plaintiff was entitled to recover the rental value of the use for hotel purposes of the rooms of which the plaintiff was deprived by the failure of the defendant to· perform his covenant, is sustained by the decision of this court in *Myers* v. *Burns* (35 N. Y., 269).   The part of the new building embraced in the lease was designed to be used in connec-

tion with the Prescott House as a part of the hotel. It was contemplated by both parties to the lease that the plaintiff would continue to occupy the Prescott House as a hotel while the new building was being erected, and this was to be completed and the plaintiff was to be put in possession by the time designated. The rent for the whole premises embraced in the lease was to commence with the term, although the plaintiff would necessarily be required to await the erection and completion of the new structure before he could have the beneficial enjoyment of that part of the demised premises. The lease was made with reference to these circumstances, and an allowance to the plaintiff of the rental value of the rooms in the new building during the time he was deprived of them by the defendant's default, based upon a consideration of the use to which they were to be applied, and which was contemplated by both parties when the lease was executed, affords to the plaintiff only a just indemnity, and subjects the defendant to no greater liability than it may fairly be supposed he intended to assume when the covenant was made.

We are of opinion that, within the same principle, the jury were properly instructed that the plaintiff was entitled to recover the value of the use of furnished rooms to the extent that the plaintiff was prepared to furnish them with the furniture stored, and intended to be used in the rooms in the new building. The plaintiff, by the delay, lost as to such rooms their use as furnished rooms. The defendant knew that the plaintiff's furniture had been taken from No. 97 Spring street to enable him to remove the building on that lot, preparatory to erecting the new one, and that the new part was to be occupied by the plaintiff for the same purposes as he had occupied the building from which the furniture was taken. The loss of the use of the furniture from delay in completing the rooms in the new building was the natural result of the failure of the defendant to perform his covenant; and that this loss would occur if the defendant failed to complete the building in time, may justly be presumed from the evidence to have been

contemplated by the defendant, when the lease was made, as one of the injuries which the plaintiff would sustain from his default, and was properly allowed as part of the damages sustained.

The defendant also covenanted in the lease to make the alterations and repairs to the Prescott House mentioned in the specifications prepared by the architect who had the matter in charge ; and these included repairs of broken ceilings and of the roof, so as to make it water-tight. In September, after the expiration of the time when, by the contract, the repairs were to have been completed, the defendant caused a balustrade to be removed from the building, in doing which, as the evidence on the part of the plaintiff tended to show, openings were made in the tin covering of the roof, through which, at the time of a storm in October, the water penetrated and rendered the rooms in the upper story of the builing unfit for occupation, and the ceilings became cracked and broken so that quite extensive repairs were required before the rooms could be used. The plaintiff repeatedly notified the defendant to make the necessary repairs; and after waiting six weeks proceeded to make the repairs himself, the defendant meanwhile neglecting to take any step in the matter. The defendant asked the court to charge that the plaintiff could not recover for the use of the rooms except for the time it would necessarily take to repair them ; and, also, that if the plaintiff knew of a defect which caused damage he was bound to have it repaired as soon as it could reasonably have been done ; and that if he did not do so, and damage subsequently occurred, he could not recover therefor. The court refused to charge as requested, and the defendant excepted. It is conceded that it was the duty of the defendant to repair the ceilings. Upon his failure to perform it, it was the right of the tenant to make the repairs and charge the expenses to the landlord. But he was not bound to make the repairs. The defendant was, during the time the plaintiff was deprived of these rooms, engaged in constructing the new building and repairing the old one.

He had due notice of their condition. He had no right to cast upon the plaintiff the responsibility and the burden of repairs which he was bound to make. The plaintiff removed his furniture from these rooms; and so far as he could, short of making the repairs himself, limited the injurious consequence of the defendant's neglect. The question raised by the exception referred to was considered in *Myers* v. *Burns*, and was decided adversely to the defendant, and we see no reason for questioning its correctness.

We have considered the other questions in the case and find no ground for reversing the judgment of the General Term, and it should, therefore, be affirmed with costs.

All concur.

Judgment affirmed.