any other point in particular. I fail to see any reason for re-fusing land certificates to this railroad company which would not apply with equal force to the Sabine and East Texas Railroad Company which has twice at least in the last few months received certificates under exactly similar circum-stances. For the reasons already given and others which are obviously deducible from the facts I respectfully decline to approve the proposed amendment to the charter of the New York, Texas and Mexican Railroad Company which you can withdraw if you desire.

Very respectfully,                     J. H. McLEARY,
                                                 Attorney-General.

## HOUSTON & TEXAS CENTRAL RAILWAY VS. LESLIE.

### SUPREME COURT, AUSTIN TERM, 1882.

*Railroad—Charge of Court—Injury to Person — Contributory Negligence—Proximate Cause—Verdict Contrary to Law and Evidence.*—The liability of the defendant railway company is measured by the fact that the injury received follows proximately from the culpable act complained of, and if erysipelas sprung from the injury, the dangers from that disease, as well as the sufferings produced by it, constitute a portion of the injury itself, and it is none the less so because under similar accidents producing fractures, that disease would not necessarily follow, The refusal of a charge opposing this principle held not to be error. The plaintiff's action being the direct and proximate cause of the injury, and it appearing from the facts proved that leaping from the cars while in motion is unsafe and dangerous, it follows that plaintiff contributed, by his want of care, to the casualty which occurred; that the fault of the defendant company in too speedily leaving the station did not endanger the personal safety of plaintiff, and in its very nature could not be the proximate cause of the injury which the plaintiff received through his own direct act, which was the proximate cause of said injury.

This suit was brought by James L. Leslie against the ap-pellant claiming $20,000 as damages on account of injuries sustained and caused by the negligence of appellant's em-ployees who were in charge of and conducting the passenger train of cars on defendant's line of road; which injuries were received at Van Alstyne, a station on said road. The cir-cumstances attending the occurrence of which the plaintiff

complains are in substance as alleged in the petition, that on the twenty-sixth day of April, 1874, at said station he entered a passenger coach on the express train, bound south, for the purpose of procuring seats for some ladies under his charge and that while petitioner was so engaged the train was put in motion, leaving said station; and petitioner in his effort to get off said coach, without any fault of his own, was hurled to the ground and his left arm broken in two places. The petition alleged that the train of cars was not stopped at said station the time required by law, nor was it stopped a sufficient length of time to permit persons to leave said train and alight in safety. That the ladies referred to had paid their fare and secured their tickets for passage and were at the usual places for passengers to embark. That neither the conductor of the train nor any other person in the employ- ment of defendant offered to assist said ladies in getting on said train. Wherefore, petitioner entered said passenger coach to assist said ladies and for the purpose of securing proper seats in the same. That the train was put in motion by the employees in charge aforesaid, without having stopped at the station before named not exceeding one minute, and that by the gross negligence of the employees of the defen- dant in thus moving said train and without any fault of peti- tioner said injuries were inflicted upon him. The plaintiff al- leged that the ladies under his charge were in feeble health and had some children with them, thus requiring his aid given as before stated. That when the train was started the agents of defendant knew that the plaintiff was on board, and that he desired to get off, and that he had entered said cars under the circumstances stated with the knowledge and consent of the defendant's agents who were conducting said train. The defendant answered by general denial and for special answer alleged that the plaintiff's entrance into the defendant's coach was without authority; that the train stopped a sufficient period of time to enable plaintiff to have left the car safely before the train moved; that the plaintiff remained until the train commenced to move, and when it was in rapid motion without demanding that the train be stopped, leaped from the steps of the coach and thereby received his injuries; that the

plaintiff was warned before thus leaping by one of defen-
dant's employees not to do so, which warning he wholly dis-
regarded. The cause was submitted to a jury; verdict and
judgment for the plaintiff for $900. Motion for a new trial,
which was overruled, and defendant appealed. The grounds
relied on for a new trial were because the court erred in re-
fusing charges asked by the defendant and because the verdict
of the jury is contrary to the law and the evidence and be-
cause it is excessive. The appellant assigned as error the re-
fusal of the charges asked for by him, and the overruling of
the motion for a new trial.

*Walker, J.*—The first ground assigned as error, that the court
erred in refusing to give the instructions asked by the defen-
dant, is answered by saying that the charge of the court em-
bodied them all, except the fourth and last paragraph, in the
very terms in which they were asked, with a few qualifications
which did not improperly modify the propositions to which
such qualification were applied. The law, as given, embraces
substantially all the propositions asked to be submitted in
the charge, which the defendant asked to be given, and which
were refused, except the fourth paragraph before referred to.
The only portion of the paragraph referred to, which need be
discussed is as follows: " If you believe, from the evidence,
that the permanent injury to plaintiff was occasioned by ery-
sipelas or other disease not ordinarily consequent upon such
fractures as plaintiff's, then you will not consider the suffering
or injury arising from such disease in estimating the damages
to the plaintiff." The court did not err in refusing this in-
struction. The liability of the defendant is measured by the
fact, that the injury received follows proximately from the
culpable act complained of, and if the erysipelas sprung from
the injury, the dangers from that disease, as well as the suf-
fering produced by it, constitute a portion of the injury itself,
and it is none the less so because under similar accidents,
producing fractures, that disease would not ordinarily ensue.
We will now consider whether the verdict of the jury was
contrary to the law and evidence. The plaintiff rests his
right to recover damages for the injury occasioned by his
leaping from the cars whilst in rapid motion, not upon the as-

sumption that his act in so doing was one done in the exercise of ordinary care on his part, as the sequel evidently showed, but that the defendant was liable for the consequences which followed from his thus leaving the cars by reason of the unauthorized act of the defendant in stopping but one minute only at the station and thereby presenting the motive and temptation to the plaintiff to hazard his life or limbs by an effort to avoid being carried away, against his will, from his home in Van Alstyne. The plaintiff's action in the premises being thus the direct and proximate cause of the injury as is shown both by pleading and evidence, and it appearing clearly from the facts proved, that leaping from the cars in motion is unsafe and dangerous, it follows that the plaintiff contributed by his want of care, to the casualty which occurred. The question then remains, do there exist any facts or is there presented a state of case on which, notwithstanding the plaintiff's contribution to his own misfortune, showing that the defendant is nevertheless liable for damages in consequence of the injury. The court instructed the jury as follows. "The plaintiff was bound in leaving the cars to take proper care and precautions to prevent injury, and he cannot recover if it appears from the evidence that in leaping from the cars he acted recklessly, carelessly, or negligently, and thereby contributed to his injuries. When plaintiff found the cars in motion it was his right to demand of the officers or managers of the same to stop the train, and if he has been carried from his home or place of business, he could have recovered compensation for returning and all damages that he might have sustained on account of being so carried away from his home and business. But he had no right to endanger his life or limbs by jumping from the cars in order to prevent being carried away from home, when he found that the cars were in motion; and if it appears that he did so jump, and that the injury so complained of was the result, you will find for the defendant. If you believe from the evidence that the plaintiff, being on defendant's cars without a ticket, and not a passenger, did leap from said car while the train was in rapid motion, and that his injury was caused by said leaping from the train, then the defendant is not res-

ponsible for such injury, and you will find for defendant. Un_
der these propositions of law, the evidence, without conflict,
negatives the plaintiff's right to recover, and the verdict was
therefore distinctly contrary to the charge thus given.   There
is no evidence showing any other connection of the defendant's
agents with the accident, except such culpability as may be
implied from the short period of time the train of cars remain_
ed at the station, and if the defendant is not liable on account
of its failure to stop at said station five minutes as required
by law, or to have stopped at least a reasonable time, with
reference to admitting passengers to board the train, there
would exist no basis whatever for complaint against the de-
fendant.   The dereliction of the company to stop the five
minutes required by law, was not *per se* an act rendering the
defendant liable irrespective of the question of contributory
negligence on the part of the plaintiff.   Railroad company vs
LeGeirse, 51 Texas, 189.   In that case it was held that "while
the company may have been guilty of negligence in not wait-
ing five minutes at the station, such negligence would not
justify the injured party in attempting to go on board the cars
while in motion, if such act under the circumstances was neg-
ligence and contributory to the injury."   The act of the plain-
tiff which resulted in the injury being a dangerous one, so
much so as to have wholly produced the fractures of plain
tiff's arm, and one not immediately induced through the per-
suasion, direction, command or other influence attempted to
be used by the defendant's agents, there is not apparent any
circumstances to have operated upon the plaintiff's mind
when he met with this accident, except his ill-judged deter
mination to risk the consequences of the fatal leap.   There
fore, applying the principles of law laid down in Railroad Com_
pany vs. LeGeirse *supra*, the plaintiff's case according to the
evidence, did not entitle him to recover.   "The rule," it s said
in 6th Wait's Actions and Defences, 583, "may be said to be
that a person cannot recover for an injury, received by reason
of the negligence of another, if his own want of care directly
contributed to the injury ; for where one rushes upon danger,
which might have been avoided by the exercise of ordinary
care on his part, he cannot complain if others have failed to

exercise a greater degree of care than he did.   But in order to shield the other from liability the person injured must have not only been negligent, but his negligence must have been the proximate cause of the injury.   He must, by his own want of care, have directly contributed to the injury.   That is, by his own want of ordinary care, have done that which has directly brought about, and thus have placed himself or his property, in a position where, except for his co-operative fault, no injury would have been sustained, and his act must have also been such as a man of ordinary prudence would not have done in view of the circumstances, otherwise he cannot be charged with that degree of negligence which operates to excuse the other from the consequences of his fault" (citing numerous authorities), and again, Ibid, 584.   "To operate as a defense the plaintiff's negligence must have proximately contributed to the injury.   If the negligence of the defendant was the proximate and that of the plaintiff the *remote* cause of the injury, an action will lie, although the plaintiff was not entirely free from fault.   The fact that the plaintiff is guilty of negligence does not relieve the defendant from using all reasonable care to prevent an injury to him or his property, and if he inflicts a willful injury or neglects to use a reasonable care to prevent it he cannot set up the plaintiff's negligence as a bar to the recovery therefor."   (Citing cases), 75 Ill, 106 ; 51 Miss., 234 ; 28 Ohio, 340 ; 81 Ill,, 590 ; 11 Hun., (N. Y.,) 333.   A passenger upon a steam car who voluntarily and without cause exposes himself to danger, cannot recover for any injuries sustained by such exposure, as if a passenger attempts to get on or off a car when it is in motion.   Burrows vs. Erie Railroad Company, 63 N. Y., 566, where it is said that this seems to be the rule even though the train has stopped but started again before the passenger could alight, (Ibid.) and the fact that the passenger is being carried by the station at which he wishes to alight will not excuse his act.   Menlestabt vs. Ninth Av. R. R. Co. ; 11th Robt., N. Y., 377 ; Jeffersonville R. R. Co. vs. Hendricks, 26 and 228.   If the car is in rapid motion or the circumstances are such to indicate that it is dangerous to alight, neither the advice or directions of the conductor will justify the act.   Gumon vs. N. Y. and H. R. R. Co., 3 Robt., N.

Y., 25; Penn. R. R. Co. vs. Aspell, 23 Penn., 147.    Other simi-
lar instances of non-liability for injuries sustained through the
incautions or imprudent acts of passengers on railroad cars
can be readily multiplied.    The act of the plaintiff in this case,
whereby he sustained the injury complained of, is of the
character of the case above instanced, and the plaintiff when
he found himself safely on the defendant's cars, although being
rapidly carried away unwillingly from home, was required
under the circumstances, to act with prudence the same as
would be required of any other passenger, and whilst the de-
fendant was not without fault, that fault of too speedily leav-
ing the station did not endanger the personal safety of the
plaintiff, and in its very nature could not be the proximate
cause of the injury which the plaintiff received through his
own direct act and which was the proximate cause of said in-
jury.    See Railroad Company vs. LeGeirse, *supra.*    It is true
that it is not the least degree of fault on the part of plaintiff
that will prevent him from a recovery; but it must be of such
a degree as to amount to a want of ordinary or reasonable
care on his part under the circumstances at the time of the in-
jury.    H. and T. C. Ry. Co. vs. Gosbelt, 43 Texas, 573.    But
in this case the fault or negligence which caused the injury
was the act itself which produced it and which was committed
by the plaintiff without any other fault of the defendant than
that which was but the remote cause which influenced the
plaintiff's action.    We are of the opinion therefore that the
second ground of error assigned is well taken; that the verdict
is not supported by the law as applied to the evidence, and
that it is contrary to both.    In such case it is the well estab-
lished practice of the Supreme Court to revise the discretion
of the District Court refusing to grant a new trial.    We think
there was error in overruling the defendant's motion for a new
trial, for which the judgment ought to be reversed and the
cause remanded.