WIPPERMAN, Respondent, vs. STACY, imp., Appellant.
BEBELHAUSEN, Respondent, vs. STACY, imp., Appellant.

October 2 — October 20, 1891.

*Partnership: Implied agreement to share losses: Notice by one partner not to sell goods to the other: Ratification of purchase.*

1. An agreement between S. and G. whereby S. was to furnish the money or credit and G. to furnish his time and labor to carry on the business of retail merchandise, G. to purchase all the goods from persons named by S., and the profits to be divided equally, constitutes a partnership and implies a division of losses.

2. The plaintiffs had been in the habit of selling goods to the firm on the order of G. and by the consent of S. S. served upon them a notice, signed by him, as follows: " Don't let G. have anything to be charged

to me, unless upon an order given by me." *Held*, that this was not a notice not to sell goods to the firm to be charged to the firm.

3. Part of the goods in suit were sold and delivered at the store of the firm after the giving of such notice. S., who knew that they were being so sold and delivered and were being used or sold in said store, made no objection and participated in the profits derived therefrom. *Held*, that this was a ratification of the purchase, and that S. was liable as a partner for the purchase price.

APPEALS from the Circuit Court for Shawano County. The facts are stated in the opinion.

*Benj. M. Goldberg*, attorney, and *Charles Barber*, of counsel, for the appellant, contended, *inter alia*, that under the agreement *Stacy* was to pay Green for his services one half of the profits of the business, but that there was no partnership between them. *Nicholaus v. Thielges*, 50 Wis. 491; *Sargent v. Downey*, 45 id. 498; *Cooper v. Tappan*, 9 id. 361; Bates, Partn. secs. 36, 37, 43. Even if there was a partnership, the plaintiffs cannot hold *Stacy* for goods sold after the service of the notice. 1 Bates, Partn. sec. 323; *Pollock v. Williams*, 42 Miss. 88; *Hotchin v. Kent*, 8 Mich. 526; *Knox v. Buffington*, 50 Iowa, 320; Collyer, Partn. sec. 327; 1 Lindley, Partn. sec. 170; Story, Partn. 134, secs. 117, 123; *McLinden v. Wentworth*, 51 Wis. 170.

*E. J. Goodrick*, for the respondents, argued, among other things, that a specific agreement to share losses is not necessary to a contract of partnership. 1 Lindley, Partn. 7, 12; *Upham v. Hewitt*, 42 Wis. 85; 3 Kent's Comm. 28; *Miller v. Price*, 20 Wis. 117; *Appleton v. Smith*, 24 id. 331; *Gilbank v. Stephenson*, 31 id. 592; *Rosenfield v. Haight*, 53 id. 260.

ORTON, J. Both of the above cases depended upon the same questions of law and fact. They are both for goods, wares, and merchandise sold and delivered to the appellant and F. F. Green as copartners. They were tried before a referee, and judgment was rendered in each case for the

plaintiff, on confirmation of the referee's report, and the said *Stacy* has appealed from each judgment.

The defendants, F. F. Green and *W. H. Stacy*, on the 26th day of October, 1888, entered into an agreement whereby defendant Green was to put in his time and labor, and the said *Stacy* was to furnish $20,000 in money or credits, to carry on the business of retail merchandise at the village of Keshena, Shawano county, in this state, and they were to share the profits of said business equally. The said Green was to have the purchasing of all goods that were used in said store, but of parties named by said *Stacy*. This is all of the agreement of partnership that is material. *Stacy* resided at Clintonville, a considerable distance from Keshena, and Green resided at Keshena with his family.

Both plaintiffs had been in the habit of selling goods to the concern at Keshena on the order of Green and by the consent of *Stacy*, up to the 3d day of December, 1888. On that day *Stacy* served upon the plaintiffs the following notice: " Clintonville, Wisconsin, Dec. 3d, 1888. Dear Sir: Don't let F. F. Green have anything to be charged to me, unless by an order [upon order] from Clintonville, given by me. [Signed] W. H. STACY." About that time *Stacy* published in a Clintonville paper the following notice: " Notice is hereby given that I, *W. H. Stacy*, do forbid all and every one from selling F. F. Green in my name anything of any kind or nature, for I will not pay for the same nor hold myself responsible. [Signed] W. H. STACY." Of the goods sued for in both cases, part were sold and delivered and went into the Keshena store before, and part after, the service of the above notice; and they were used or sold and accounted for in said store; and *Stacy* knew that at least some of them were so sold and delivered and used or sold in said store after the service of said notice, and without any objection from him. *Stacy* was often at the store, and knew what business was done, and all the bills for the

same were present in the store, open to his observation and inspection.

The referee found, in both cases, that the defendant *Stacy*, by his acts and conduct, previous and subsequently to said notice, in receiving the plaintiff's goods without hindrance or objection, and selling the same, and applying the proceeds to the use and benefit of the said copartnership, ratified and approved or consented to the doings and acts of his copartner, F. F. Green, in said matter. This finding appears to have been fully warranted by the evidence. These are the substantial and material facts, and, as a question of fact, we cannot disturb the finding of the referee.

The learned counsel of the appellant contends that the firm is not liable for any goods sold to it by the order of Green after the service of that notice. There is no provision in the agreement of copartnership for any such notice, to those who are *selling* goods to the concern, not to sell on Green's order. There is a clause, "that said goods shall be purchased of parties named by said *W. H. Stacy*." That can have force only as between *Stacy* and Green. *Stacy* may name to Green the parties from whom he shall purchase goods for the concern. From the fact that both plaintiffs had been selling goods to the firm for a long time by the consent and acquiescence of *Stacy*, the presumption would be that they were the parties named by *Stacy*. There is no evidence that *Stacy* had ever notified Green that he should not continue to purchase goods of the plaintiffs. It follows that Green had the right to continue to purchase of the plaintiffs. If Green had such right, then the plaintiffs had the right to sell to him, so far as the agreement is concerned.

It is stipulated that Green should have the purchasing of all goods that are used in said store. The only limitation of that right was that *Stacy* should name the parties

from whom purchases might be made by him, and that limitation *Stacy* has never attempted to enforce upon Green. Green had the right, therefore, to purchase from whom he pleased. If Green had the right to purchase, the plaintiffs had the right to sell. What right had *Stacy* to forbid the plaintiffs from selling to Green or any one else? The agreement contains no such provision. This must be the legal construction of the agreement. But the notice is not that the plaintiffs shall not sell to the firm of Stacy & Green for their store. But it is: "Don't let F. F. Green have anything to be charged to *me*, unless by an order [or upon order] given *by me*." The notice provided for in the agreement is *personal* to *Stacy* and Green as individuals. Don't let Green have anything *on my account* without my order, is the effect of the notice. The plaintiffs had the right to construe and understand this notice according to its language. The plaintiffs have had no notice from *Stacy* not to sell goods to the partnership to be charged to the partnership. The notice, therefore, has no effect whatever upon the liability of the firm, even if *Stacy* had any right to give it.

But if the notice can be construed to mean that the plaintiffs shall not sell to the concern to be charged to the concern, which was the only thing they had been doing or offered to do, it is equally nugatory, because not provided for in the agreement.

The only other contention of the learned counsel is that the agreement does not constitute a copartnership between *Stacy* and Green. It seems to us that it contains every essential element of a partnership. *Stacy* was to contribute his money, and Green his skill and labor as a merchant, and to conduct the business and make all the purchases, and they were each to have one half the profits. Although there is no provision that each was to bear one half of the losses, the equal division of the profits implies that of the losses.

*Upham v. Hewitt*, 42 Wis. 85. As said in that case, where there was no such express provision, " there was necessarily a communion of profit and loss." *Rosenfield v. Haight*, 53 Wis. 260; 1 Lindl. Partn. 12. See *Gilbank v. Stephenson*, 31 Wis. 592; and other cases cited in respondent's brief. But the evidence that *Stacy* knew that these goods were being sold to the firm, and that they were received into the store and were being sold out, and tacitly assented to the purchases, and participated in the profits derived therefrom, without dissent or objection, is a ratification of the purchases, and it is now too late for him to shield himself by such a notice, even if it had been given to Green himself with the knowledge of the plaintiffs. The liability of the partnership is beyond question.

*By the Court.*— The judgment of the circuit court in both of the above causes is affirmed.