Pewaukee Milling Co. vs. Howitt.

PEWAUKEE MILLING COMPANY, Appellant, vs. HOWITT, Respondent.

*October 3 — October 17, 1893.*

Landlord and tenant: Covenant to make improvements: Notice to corporation: Duty of lessee: Measure of damages.

1. In a lease of a mill the lessor, a corporation, covenanted to put in a water wheel of not less than fifty horse power "if required by the lessee." *Held*, that it was not necessary that a formal notice should be given to the board of directors of the corporation that the wheel was required, but it was enough that a request therefor was made of its officers in charge of the business.

2. The lessor having failed to perform the covenant, but having put in a wheel which did not furnish more than thirty horse power, the lessee was not bound, in order to lessen his damages, to put in a new wheel or to reset or alter the one put in so that it would furnish more power. *Poposkey v. Munkwitz*, 68 Wis. 331, distinguished.

3. The lessee had the right to continue in possession and pay rent and hold the lessor responsible for the damages resulting from its failure to perform the covenant, if he did not acquiesce in or accept the wheel so put in as a performance.

4. It not appearing that the lessee had a like business already built up which might serve as a basis for the allowance of prospective profits, the measure of damages was the difference between the rental value of the premises with the specified wheel and their rental value with the wheel actually put in.

APPEAL from the Circuit Court for *Waukesha* County.

This action was brought on the covenant in a lease for the payment of rent to the plaintiff by the defendant for a certain grist mill leased by the former to the latter for three years at the rate of $900 for the first year, $1,000 for the second, and $1,200 for the third year, the plaintiff "agreeing to put in a water wheel of not less than fifty horse power within ninety days from March 1, 1888, if required" by the lessee, the defendant. The defense by way of counterclaim was that the defendant required the wheel to be put in as provided in the lease; that the plaintiff did

cause one to be put in within the specified time, but it had failed to furnish more than twenty-five horse power, and often not more than fifteen, with which to run the mill; that the defendant frequently and continuously protested and complained of such failure; that by reason thereof the defendant had been damaged in the sum of $3,000.

Evidence was produced on the part of the defendant tending to show that he went into possession of the mill March 1, 1888, and within thirty days thereafter he demanded the wheel provided for by the lease, of Jameson and Sawyer, two of the parties, the former a director and vice president, and the latter the secretary, of the plaintiff, with whom he negotiated the lease, and who had charge of the rent accounts for the plaintiff; that the wheel was afterwards put in by one Blodgett, doing the work under a contract with the plaintiff to complete it to the satisfaction of the defendant, the lessee; but it did not appear that the defendant had knowledge of the terms of this contract; that the wheel did not furnish more than twenty-five or thirty horse power, and part of the time much less, and that the defendant notified Sawyer and Jameson that the wheel was not proper; that it was not set right, and that the water discharge was not right; that, after it was put in, the defendant informed Jameson that the wheel ran well; but at the same time told him that he thought there was something deficient about the wheel, that there was not enough wheel pit under it, or it was set too low; that the defendant was not an expert in respect to wheels; that the wheel did not give any more power with full gate than half gate, but apparently less, and that there was no lack of water. An expert testified that the wheel would give the required amount of power if properly set, and that the space below the wheel for the discharge of water was only two feet, and lacked four feet of being sufficient; that the water could not escape fast enough, causing the wheel to

work in dead water, and that in consequence it lost fifty
per cent. of its power. The defendant testified that after
the wheel was put in he saw there was something the mat-
ter, but could not tell what it was; that he judged it was
not set right. . "I said I had not had experience enough to
say. Did not know exactly what I wanted to have done."

Evidence was given tending to show that the difference
in the rental value, in consequence of the diminution of
power from fifty to twenty-five horse power, was sixty per
cent.; that, if worth $3,000 for three years, a twenty-five
horse power would be worth fifty per cent. more with fifty
horse power. There had been considerable evidence given
to show the prospective profits of operating the mill with
fifty horse power over the profits that would be derived
with twenty-five horse power, but the court finally held
that the proper rule of damages was the difference in rental
value per annum.

On the part of the plaintiff evidence was given to rebut
the defendant's case, and tending to show that the defend-
ant was to oversee the putting in of the wheel; that he
had made no complaint about the wheel, and that a month
or more after it was put in the plaintiff paid Blodgett for
the wheel, and that the wheel could have been taken down
and properly reset at an approximate expense of $200 aside
from delay caused by shutting down. It was also claimed
that the defendant, by failing to complain of the wheel be-
fore plaintiff paid Blodgett, and by making subsequent
payments of rent, had lost the right by acquiescence to com-
plain of the wheel.

The circuit court ruled that it was sufficient if the jury
found from the evidence that defendant substantially in-
formed the officers of the plaintiff that he wanted the
wheel put in; that it was not necessary that he should use
the word "require" or "demand," and that the request·
need not be in writing; that if the defendant did commu-

Pewaukee Milling Co. vs. Howitt.

nicate to the officers of the plaintiff his desire to have the wheel put in, it was sufficient; that the lease required it to be put in properly; that the company was bound to set it properly for the purpose for which it was to be used, and submitted the question whether this requirement had been complied with; also that the defendant, if he had knowledge of the subject, might acquiesce in the wheel, and accept it as a sufficient compliance of the lease, and be bound by it, but if the defendant had no particular knowledge of wheels, not knowing its defects or being capable of judging them, he was not bound by any acquiescence; that he might pay the full amount of rent as it came due under the lease, and still recover damages which the jury might find he had sustained by reason of any default on the part of the plaintiff. The circuit court withdrew from the jury all testimony in regard to profits or loss of profits as affecting the question of damages, and instructed the jury that the rule of damages was the difference in the rental value of the mill between a fifty horse-power wheel, and, say, a twenty-five or thirty horse power;, as they might find the fact from the evidence, and that. they were only to consider the testimony in regard to the rental value of the mill.

The jury assessed the defendant's damages at $1,680, being $680 in excess of the plaintiff's demand. The plaintiff moved for a new trial on the ground that the verdict was contrary to law and evidence, and for misdirection of the circuit judge in the respects above mentioned. The court denied the motion, and the defendant had judgment on the verdict for his damages and costs, from which the plaintiff appealed.

For the appellant there was a brief by *Haight & Pierce*, and oral argument by *T. W. Haight*. To the point that the setoff or recoupment should be limited to the amount for which defendant might have had the wheel reset so as

to develop the required power, th-y cited 3 Suth. Dam. (2d ed.), sec. 873, and cases cited; *Varner v. Rice,* 39 Ark. 344; *Lewis v. Pepin,* 33 La. Ann. 1417; *Poposkey v. Munkwitz,* 68 Wis. 331–3; *Young v. Burhans,* 80 id. 438, 442; *Cook v. Soule,* 56 N. Y. 420.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

PINNEY, J. 1. The meaning which appellant's counsel contend should be given to the provision in the lease, the plaintiff agreeing to put in a water wheel of not less than fifty horse power, "if required by the lessee," to the effect that a formal notice that the wheel was *required* should have been given to the board of directors, inasmuch as it did not appear that any delegation of authority had been made to any one to receive such notice, is too narrow and technical. The defendant had a right, at his option, to have a new wheel of the described power put in the mill. The plaintiff is a manufacturing corporation, and request was made to its vice president and secretary to put in the wheel. This is clear from the evidence and from the contract they made with Blodgett to put in a wheel, etc., "to the satisfaction of *Mr. Howitt,* lessee of the mill." The transaction of business with such a corporation does not require any such formality and strictness as that insisted on. It is enough that the request was made of its officers in charge of its business. The charge of the court on this subject was manifestly correct, and the defendant's request made it the legal duty of the corporation plaintiff to put in the specified wheel and see to it that it met the requirements of the covenant. There is nothing ambiguous in the covenant, and parol evidence to show why it was inserted in the lease was properly excluded.

2. It is contended that upon the refusal or neglect of a lessor to repair on receiving notice, the lessee is entitled to

do so at the former's expense, and that such is his duty
where it may be done at trifling expense; that he cannot
neglect it and recover greater damages, suffered in conse-
quence of the premises remaining out of repair, than such
repairs would cost. Suth. Dam. § 873, and cases cited in note.
We do not think the present case falls within the rule in-
voked.   The case is not the ordinary one of *repairs* which
might be made at trifling expense, but, instead, an express
covenant to reconstruct and enlarge the capacity of the
mill by building over or substituting a new motive power,
involving the skill and knowledge of experts in hydraulics
and mill building, in respect to which the defendant, it is
shown, had no special experience or skill.   Failure on the
part of the lessor plaintiff to perform its covenant in this
respect could not have the effect to impose upon the lessee
the risk of success or failure in putting in or setting a *new*
wheel, a risk which might involve the lessee in uncertainty
of result and damage to the mill or power, and consequent
risk and loss.   The burden is one which the lessor had ex-
pressly taken upon itself, and which it was in every respect
proper it should bear.   Therefore the defendant was not
bound to put in a new wheel, the expense of which it seems
was about $800, or to reset or alter the one put in, or its
surroundings, the doing of which the evidence tends to show
would cost not less than $200.   For a failure on the part of
the plaintiff in these respects the defendant is entitled to
recover the consequent damages.   The case is clearly dis-
tinguishable from those cited and relied on by the plaintiff's
counsel.  *Myers v. Burns,* 35 N. Y. 269, 272;  *Cook v. Soule,*
56 N. Y. 420, 423;  *Hexter v. Knox,* 63 N. Y. 561.   The de-
fendant had a right to continue in possession and pay the
rent and hold the plaintiff responsible for the damages suf-
fered in consequence of its failure to perform its covenant,
if he did nothing to acquiesce in the work of putting in the
wheel as a satisfaction of the covenant; and mere payment

of rent would not be such acquiescence, as the covenant to pay· rent on the one hand, and put in the required wheel on the other, were independent covenants. *Young v. Burhans,* 80 Wis. 438; *Pryor v. Foster,* 130 N. Y. 178; *Dennison v. Grove,* 52 N. J. Law, 144; *Cook v. Soule,* 56 N. Y. 420; *Hexter v. Knox,* 63 N. Y. 561; *Lunn v. Gage,* 37 Ill. 19. The case is analogous to that of *Hinckley v. Beckwith,* 13 Wis. 31, in which, as in this, the cost of the work required of the lessor was not trifling or inconsiderable. In that case it is stated by COLE, J., that " the evidence shows that the injury to the engine was serious, and it is questionable whether it could have been easily.repaired. Certainly it would have taken some time to repair it, and there were only two months of the lease unexpired;" and the decision in that case is not in conflict with the rule relied on by the defendant. 3 Suth. Dam. § 873, and cases cited in note. We are therefore of the opinion that the defendant was under no obligation to put in the wheel, or to attempt to reset it or alter its surroundings, but might, without so doing, recover his full damages by reason of the plaintiff's failure to perform its covenant. The case is clearly distinguishable from *Poposkey v. Munkwitz,* 68 Wis. 331, which occurred in the city of Milwaukee, where the lessee had been evicted, and it was reasonable to suppose he might readily rent another store wherein to carry on his business, and that in good faith he should have attempted to do so. Failure on the part of the plaintiff to keep its covenant did not amount to an eviction, and, if it did, it would be unreasonable to suppose that the lessee could get another mill in which to carry on his business, without changing his residence.

3. Inasmuch as the payment of rent by the defendant was not *per se* evidence of acquiescence in or acceptance of the wheel as a compliance by the plaintiff with its covenant, the foregoing considerations show that continued use of the mill would not be available as such, for the defendant

might, notwithstanding, sue upon the covenant and claim damages for its nonperformance. In view of the evidence and what the defendant told Jameson, the plaintiff's vice president, that the wheel ran well, but he thought there was something deficient about it, that there was not enough wheel pit under it, and that it did not seem to run under a full head as it ought to; and of the testimony of Jameson and others on that subject,— we cannot think that the plaintiff was prejudiced by the instructions of the circuit court on the subject of acquiescence or satisfaction with the wheel.

4. The rule of damages applied to the case by the circuit court was the proper one, namely, the difference between the rental value of the premises with the specified wheel, and their rental value without it. 2 Suth. Dam. § 872; *Cook v. Soule,* 56 N. Y. 420; and cases hereinbefore cited. No case was made for the allowance of prospective profits as damages, which at best are conjectural and uncertain, and an allowance of which is liable to operate unjustly and oppressively. *Wright v. Mulvaney,* 78 Wis. 97; *Bierbach v. Goodyear R. Co.* 54 Wis. 208; *Anderson v. Sloane,* 72 Wis. 566. It does not appear that the defendant had a like business already built up which might justly serve as a basis for such allowance, and the court very properly withdrew from the consideration of the jury all evidence on the subject of profits as damages, and directed the assessment of damages on the basis of difference in rental value of the mill, as already stated. *Poposkey v. Munkwitz,* 68 Wis. 322. This rule, it is evident, the jury followed, and there is reason to think that it was more favorable to the plaintiff than the other. There was, we think, sufficient evidence before the jnry to enable them to apply this rule.

It follows that the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.