CAROLINE VAN TASSEL, Plaintiff, *v.* ELLEN J. READ, Defendant.

*Agreement by a landlord to repair — he is not liable for personal injury resulting to the*
*    tenant's wife from his failure to do so — right of the tenant to make the repairs*
*    and deduct their cost from the rent.*

The failure of a landlord to perform a verbal agreement, made by him upon the
    renewal of a lease, to repair the defective cover of a cistern upon the demised
    premises, does not render him liable for personal injuries sustained by the wife
    of the tenant in consequence of such defective cover, where it does not appear
    but that the defect arose during the term of the occupation of the premises by
    the tenant.

*Quære,* whether the tenant could have made the repairs and deducted the cost
    thereof from the rent.

MOTION by the plaintiff, Caroline Van Tassel, for a new trial
upon a case containing exceptions, ordered to be heard at the
Appellate Division in the first instance, upon the dismissal of the
complaint by direction of the court after a trial at the Westchester
Trial Term.

*William George Oppenheim,* for the plaintiff.

*H. T. Dykman,* for the defendant.

WOODWARD, J. :

The plaintiff seeks to recover for personal injuries sustained in
falling into a cistern, the cover of which had become decayed.
Plaintiff's husband rented the premises of the defendant, and had
been in possession for a series of years, the annual lease expiring in
April, 1896. On the renewal of the lease for another year plain-
tiff's husband called attention to the defective condition of the
covering of the cistern, and the defendant promised to repair the
same. This agreement was not kept, and it is admitted that an acci-
dent occurred, and that the plaintiff was seriously injured by reason
of the defective·condition·of the cistern cover. The trial court
granted the motion of·defendant's counsel for a nonsuit upon the
ground that no recovery could be had for personal injuries which the

plaintiff has suffered by reason of the defendant's negligence in failing to keep a verbal agreement to repair the property, and from the judgment entered, appeal comes to this court.

The failure of the defendant to make the necessary repairs in the covering of the cistern, under the circumstances of this case, could not operate to charge the defendant with liability for personal injuries sustained by the wife of the tenant. The condition of the cistern was well known to the plaintiff and her husband; there was no negligence on the part of the defendant which could, in any proper sense, be construed to be the proximate cause of the accident, and there was no error, therefore, in granting the motion of the defendant for a nonsuit. The case of *Swords* v. *Edgar* (59 N. Y. 28), relied upon by the plaintiff, is not a parallel case. It was decided by a divided court, which held that primarily the duty was upon the occupants of a pier, built adjacent to navigable waters for the purpose of loading and discharging freight and passengers, to keep the same in a reasonably sound and secure condition. In the discussion the court say that " in the absence of any covenant from their lessors to keep the same in repair, that duty, as to all defects arising after their tenancy began, would altogether rest upon them, and there would be no liability upon the lessors. But there may be a state of facts which will cast a liability upon the lessors also. The neglect of this duty, the suffering the pier to fall into such a state of decay as to become dangerous to those lawfully coming upon it, is the creation of a nuisance. * * * Where there has been a nuisance of continued existence upon demised premises, the lessor and the lessee may both be liable for damages resulting therefrom. The lessee in the actual occupation of the premises, if he continues the nuisance after notice of its existence and request to abate it, and the lessor, if he at first created it and then demised the premises with the nuisance upon them, and at the time of the damage resulting therefrom, is receiving a benefit therefrom by way of rent or otherwise. * * * A pier so defective and insecure when it is leased as that a subsequent injury, received in the proper use of it as if sound, is consequent upon its original condition, is, for the purposes of such an action as this, *per se* a nuisance. Its effect upon third parties is not the result of the manner of the use of it by the lessee. There is but one use to be made of it — as a place at which

vessels may lay and put off and take on their cargoes. For that use it is rented and used; therefore, it is the original insecure condition of it which is the cause of an injury."

It is clear that, under the rule laid down in the above excerpts from the opinion of the court, the case at bar cannot be maintained. No evidence appears in the case that the cover to the cistern was originally defective, or that it was in this condition at the time that the property was put into the possession of the plaintiff's husband. The decay, in so far as there is any evidence upon the question, occurred during the time that the family of the plaintiff was occupying the premises, and the mere fact that the annual lease was renewed with a verbal promise to repair the defective cistern cover does not bring the case within any rule of law with which we are familiar.

The plaintiff's husband could perhaps have made the repairs and deducted the cost of the same from the annual rent reserved (*Hexter* v. *Knox*, 63 N. Y. 561, 567; *Thomson-Houston Electric Co.* v. *D. L. I. Co.*, 144 id. 34), and he might be able to recover any loss which might have been sustained by reason of the cistern not being in a condition to be used for the purposes for which it was designed (*Hexter* v. *Knox, supra*), but there are no authorities in this State holding that the lessor, under the circumstances of this case, can be held liable for personal injuries resulting to the family of the lessee by reason of the defects known to him at the time of making the contract. The nuisance developed during the occupancy of the lessee; he alone would have been answerable to strangers lawfully upon the premises for damages resulting from the defective condition of the cistern cover, and the lessor owes no greater duty to the family of the lessee than to strangers. "A lessee occupying real estate may become liable to a stranger by negligently suffering the demised premises to become dangerous," say the court in the case of *Odell* v. *Solomon* (99 N. Y. 635). "This liability is independent of any contract between the lessor and lessee. It results from the fact that the lessee is in possession and has the control of the premises, and for that reason he is liable if, by negligently permitting them to become dilapidated and unsafe, third persons are injured. The foundation of his liability is culpable negligence. He is not, as to third persons, a guarantor of the safety or condition of the premises, but is bound

only to reasonable care in his use and occupation of them, so that they may not cause injury to others."

So in the case of *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245) the same doctrine is announced, the court holding that if a landlord "demises premises knowing that they are dangerous and unfit for the use for which they are hired, and fails to disclose their condition, he is guilty of negligence which will, in many cases, impose responsibility upon him. If he creates a nuisance upon his premises, and then demises them, he remains liable for the consequences of the nuisance as the creator thereof, and his tenant is also liable for the continuance of the same nuisance. But where the landlord has created no nuisance, and is guilty of no willful wrong or fraud or culpable negligence, no case can be found imposing any liability upon him for any injury suffered by any person occupying or going upon the premises during the term of the demise." (See *Jennings* v. *Van Schaick*, 108 N. Y. 530, 532; *Tuttle* v. *Gilbert Manufacturing Co.*, 145 Mass. 169.) In the latter case the defendant had agreed, on leasing a farm to the plaintiff and his brother, that it would make certain repairs in the barn floor. The plaintiff, with his brother, entered into possession. The repairs were not made, and the plaintiff was injured by the floor of the barn falling. The trial court directed a verdict for the defendant. On appeal the court say : " We do not see how the cases would differ in principle if an action were brought against a third person who had contracted to repair the stable floor and had unreasonably delayed in performing his contract. We are not aware of any authority for maintaining such an action."

The judgment appealed from should be affirmed, with costs.

All concurred.

Exceptions overruled and judgment directed for defendant, with costs, on the dismissal of the complaint at Trial Term.