Serfling vs. Andrews.

---

SERFLING, Respondent, vs. ANDREWS, Appellant.

*February 6 — February 27, 1900.*

*Damages: Breach of contract: Failure of lessor to give possession.*

1. Damages for the breach of a contract are limited to such as may be reasonably considered to have been in contemplation by the parties, at the time of the making of such contract, as the probable result of a breach of it.

2. Unless it is shown that the special circumstances were brought to the knowledge of the lessor at the time of the leasing of a dwelling house, damages for his failure to give the lessee possession of the premises cannot include loss of prospective profits of a business which the lessee was prevented by such failure from entering upon in the place where such house was located, nor the freight paid by him for moving his household goods to such place.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The complaint sets out that the plaintiff was a cheese maker; that as such he hired out to one Holzschuh for the season of 1898; that he leased a certain dwelling house from the defendant for one year; that he removed his household effects from Sheboygan to Sherwood, in Calumet county, but the defendant refused to give him possession of the rented premises; that he was unable to secure another house, and was compelled to cancel his contract of hiring and remove elsewhere; and that he suffered damage in the sum of $190.

The answer admits that there was talk about the leasing of the house, but alleges that it was conditional upon the defendant's being able to secure possession from the tenant then in possession, and denies the other allegations of the complaint.

On the trial the plaintiff was permitted to prove a partnership with Holzschuh by which they were to operate the cheese factory for the season of 1898, and that, by reason of his inability to secure the house in question, he had to relinquish the business. Considerable testimony was given, against defendant's objection, as to the profits of the business; and the court instructed the jury that the plaintiff was entitled to recover $1 that had been paid on the lease, $11.41 freight on his household goods from Sheboygan to Sherwood, $6 freight on his goods to Appleton, and for the profits of the cheese factory, less what he earned elsewhere. The jury brought in a verdict for plaintiff for $212.90. Plaintiff's counsel remitted therefrom $22.90, and judgment was entered for plaintiff for $190 and costs. A motion for a new trial was denied, and the defendant has appealed.

The cause was submitted for the appellant on the brief of *James Kerwin,* attorney, and *L. J. Nash,* of counsel, and for the respondent on that of *J. E. McMullen.*

BARDEEN, J.   The court seems to have proceeded upon an
entirely erroneous idea as to the rule of damages applicable
to this case.   The complaint merely sets out the making of
the lease, the plaintiff's business, a hiring out to Holzschuh
for the season of 1898, a removal from Sheboygan to Calu-
met county, a failure of defendant to deliver possession of
the leased premises, his inability to secure another house, a
consequent cancellation of his contract of hiring, and a gen-
eral allegation of damage.   It is not alleged that defendant
ever had any knowledge of plaintiff's business or of the con-
tract of hiring.   The proof shows, without dispute, that
plaintiff and Holzschuh were to be partners in the operation
of the cheese factory.   Holzschuh was to furnish the factory
and look after securing the milk.   Plaintiff was to do the
work in the factory, and the profits and losses were to be
shared equally.   The usual test of a partnership is whether
there is a community of interest in the profits and losses of
the business.   Any arrangement which gives the parties
such a community of interest constitutes them partners.
*Whitney v. Ludington*, 17 Wis. 140; *Sprout v. Crowley*, 30
Wis. 187; *Rosenfield v. Haight*, 53 Wis. 260; *Wipperman v.
Stacy*, 80 Wis. 345; *Spaulding v. Stubbings*, 86 Wis. 255.
The court permitted proof of this relation to be introduced
without any allegation of the fact in the complaint, and also
permitted a recovery for prospective profits of the business,
without any allegation of special damage or showing that
the defendant had any knowledge of this relation.   Dam-
ages for the breach of a contract are limited to such as may
be reasonably considered to have been in contemplation by
the parties, at the time of the making of such contract, as
the probable result of a breach of it.   *Guetzkow Bros. Co. v.
A. H. Andrews & Co.* 92 Wis. 214; *Bradley v. C., M. & St.
P. R. Co.* 94 Wis. 44.   Upon the facts stated in the com-
plaint, the true rule of damages would have been the differ-
ence between the actual rental value of the premises for the

Serfling vs. Andrews.

term and the rent reserved in the lease. 3 Sedgwick, Dam. § 1022, and cases cited; *Poposkey v. Munkwitz*, 68 Wis. 322; *Pewaukee M. Co. v. Howitt*, 86 Wis. 270. If plaintiff desired to recover special damages, such as loss of prospective profits, it was his duty to allege the facts and circumstances, and knowledge of the situation brought home to the defendant at the time the lease was made. Without such knowledge, it cannot be said that loss of profits, or other losses than such as are included in the rule of damages stated, could have been within the contemplation of the parties when the lease was entered into. The court not only permitted proof of loss of profits in the cheese-making business to be given, but also testimony as to freight paid in moving plaintiff's household goods,— all against defendant's objection. He also instructed the jury that, if they found the lease had been made, allowances for these items should be included in their verdict. There being no proof of the value of the leasehold during the term, the jury's verdict must have been based entirely upon these objectionable items. Such being the fact, there was no proper foundation for the verdict to rest upon. In the *Guetzkow Case* it was said "that, in order to make applicable the special rule of damages — that is, loss of profits — it must be shown that the special circumstances, by reason of which the party invokes such application, were brought clearly home to the knowledge of both parties at the time the contract was made, and it is only applicable in so far as such circumstances were so brought home." No such knowledge was given defendant. Hence the recovery in this case cannot be sustained.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.