(31 Misc. Rep. 348.)

FOLSOM v. PARKER.

(Supreme Court, Trial Term, Kings County. April, 1900.)

INJURIES TO TENANT—AGREEMENT TO REPAIR—LIABILITY OF LANDLORD.

Where parents of plaintiff, an infant, hired apartments for him in a tenement house of defendant, who agreed to repair, plaintiff, injured afterwards by a loose panel under a mantel falling on him, which was loose at the time of the letting, cannot maintain an action against defendant for the injuries received.

Action by Allen Folsom, an infant, against Sophia G. Parker, for injuries. Verdict in favor of plaintiff. Defendant's motion for a nonsuit at the close of the case was reserved until after verdict. Verdict set aside, and motion to dismiss the complaint granted.

Motion for a nonsuit at the close of the case reserved until after verdict. Verdict for the plaintiff. Action for damages for personal injury caused by the alleged neglect of the defendant to make repairs as landlord. The plaintiff is an infant. His parents hired of the defendant apartments in the defendant's tenement house. The testimony was that the defendant at the time of the letting agreed to do any necessary repairs; that the mother of the plaintiff subsequently called the attention of the defendant's agent of the building to a loose panel under the mantel in one of the rooms; that a workman came and did something to it and said that it was now all right; that afterwards it fell out on the plaintiff and hurt him. The panel was in the loose condition at the time of the letting.

James C. Cropsey, for plaintiff.
C. D. Rust, for defendant.

GAYNOR, J. An action for damages for personal injuries by a tenant against his landlord cannot arise out of a breach of the landlord's agreement to repair. Chapl. Landl. & Ten., § 477; Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. The case seems

to be the same as if a mechanic had agreed with the tenant to do the repairs and failed. He would not be liable for damages for personal injuries caused by his breach of agreement. This action is not for a nuisance, nor does the testimony make out a case of nuisance. It seems to me that the decision in Van Tassel v. Read, 36 App. Div. 529, 55 N. Y. Supp. 502, is also in point, although a contrary suggestion is made because of the following qualifying clause in the opinion:

"No evidence appears in the case that the cover to the cistern was originally defective, or that it was in this condition at the time that the property was put in the possession of the plaintiff's husband. The decay, in so far as there is any evidence upon the question, occurred during the time that the family of the plaintiff was occupying the premises," etc.

In the present case the want of repair was there at the time of the letting. This observation in the opinion, however, is based on an extract from the opinion in Swords v. Edgar, 59 N. Y. 28; but that was the case of a public dock, in which the rule was the same as in cases of public highways and the little highways of tenement houses (i. e. the halls and stairways), and can of course have no application to the present case. The court of appeals never thought of its words in that case being applied to a case like the present. A like suggestion applies to the case of Edwards v. Railroad Co., 98 N. Y. 245, where the letting was of a public place for public amusements. To cite such cases as applicable to the ordinary relation of landlord and tenant is a confusing inadvertence. There is a duty in such cases outside of any contract obligation.

The verdict is set aside and the motion to dismiss the complaint is granted.