(31 Misc. Rep. 721.)

## DOOD v. ROTHSCHILD.

(Supreme Court, Appellate Term. June 13, 1900.)

LANDLORD AND TENANT—FAILURE TO REPAIR—INJURIES.

A landlord out of possession is not liable to an employé of his tenant who is injured through the negligence of the tenant in failing to cover a certain opening into the cellar, where, under the terms of the lease, the tenant was to do all the repairing.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by May Dood against Leopold Rothschild to recover damages for injuries sustained by reason of defendant's negligence in failing to repair certain premises. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Mark M. Schlesinger, for appellant.

Lyman A. Spalding, for respondent.

O'GORMAN, J. The plaintiff sues to recover damages sustained in consequence of the defendant's alleged negligence in the maintenance of certain premises upon which the plaintiff was employed. There was a small opening or shaft in the yard adjacent to the rear of the building in question, which was intended to admit light and air to the cellar. This shaft or area way was covered by an iron grating, which, according to the defendant's evidence, was upon the same when he leased the premises to one McCormack, the employer of the plaintiff, two months prior to the occurrence complained of. There is evidence that this grating was subsequently removed,—it does not appear by whom,—and placed in the cellar of defendant's building, where it was found after the accident. After the removal of the grating, some person (presumably the lessee or her subtenant, and certainly not the defendant) placed a board over the opening, and the plaintiff was injured by reason of this board giving way when she stepped upon it. The specific negligence alleged is that the defendant failed "to keep in a state of repair certain boards covering the cellar or excavation in the rear of the premises 309 West Twenty-Ninth street, in the city of New York, owned by him, and permitted them to remain in a defective and dangerous condition, of which fact he had due notice, both actual and constructive." At the time in question, as well as for two months prior thereto, the defendant's lessee was in complete possession of the entire premises under a lease which provided that all repairs were to be made by the lessee; and, under the pleadings and the proof, it is difficult to discover upon what theory plaintiff could recover in this action. The defendant, out of possession, owed no duty to his tenant, and consequently owed no duty to those coming upon the premises by the tenant's invitation. Even where the obligation rests upon the landlord to keep demised premises in repair, his failure to do so does not subject him to damages for personal injuries caused by the defective condition of the premises, except as to such portions of the prem-

ises, if any, over which he retains control. In such a case the tenant's redress is restricted to the expense of making the repair which the landlord agreed to make. Schick v. Fleischhauer (Sup.) 49 N. Y. Supp. 962; Folsom v. Parker (Sup.) 64 N. Y. Supp. 263; Miller v. Rinaldo, 21 Misc. Rep. 470, 47 N. Y. Supp. 636. Nor can the judgment be upheld upon the theory that the defendant rented the premises after creating a nuisance thereon. The plaintiff does not make out such a case, and does not allege such a cause of action. The distinction between an action for negligence and one for nuisance is well defined. Fisher v. Rankin, 25 Abb. N. C. 191, 7 N. Y. Supp. 837. If there was negligence in this case, it was the negligence of the lessee in not keeping the shaft covered with the grating furnished by the defendant, or some other suitable covering, and the defendant cannot be held liable for her conduct.

It was error, therefore, to deny the defendant's motion to dismiss the complaint, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.