### LYNCH v. McCABE et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1908.)

1. EVIDENCE—ADMISSIONS—JOINT INTEREST—UNANSWERED TELEGRAM.

   An unanswered telegram sent by one defendant two weeks after a contract in question was alleged to have been executed by him "for self and associates" to the other defendant, who was sick in a hospital, inquiring whether the sender should hold the deal for him, was not competent evidence to show that the other defendant was his associate in making the contract, and that he signed it with the other's consent and authority.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MATERIALITY.

   There being a judgment of dismissal, such evidence discovered after the trial was not ground for a new trial, since it did not affect the liability of the defendant who sent the telegram, but was only claimed to connect the other defendant with him.

Appeal from Special Term.

Action by Joseph W. Lynch against Rudolph T. McCabe and another. From an order granting plaintiff a new trial, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Simpson, Werner & Cardozo (Benjamin N. Cardozo, of counsel), for appellant McKinney.

Hazelton & Hazelton (John H. Hazelton, of counsel), for appellant McCabe.

Randall H. Stern (Charles E. Kelley, of counsel), for respondent.

CLARKE, J.   This is an appeal from an order granting plaintiff's motion for a new trial upon the ground of newly discovered evidence.

The action was brought to recover $230,000 upon a claim that the plaintiff agreed to sell and deliver to the defendants the Great Eastern Railroad Company of North Carolina, its entire capital stock, its right of way, and other property which defendants agreed to pay for on or before September 18, 1902, thereafter extended to September 30th; that the plaintiff duly tendered performance, but the defendants refused to carry out the contract as agreed upon. At the close of the plaintiff's case, the complaint was dismissed. Judgment thereon was duly entered, and the time to appeal therefrom has expired.

The paper sued on, alleged to have been a contract, is signed "R. T. McCabe, for self and associates." The effort of the plaintiff upon the trial was to establish that defendant McKinney was the associate alluded to and a party to the contract. In this he wholly failed. The plaintiff first met the defendant McCabe on August 19, 1902, and the paper alluded to was executed on that day. The plaintiff testified that he first met the defendant McKinney about the middle of September. He thought it was some time before the 19th, about the 15th or 16th. Plaintiff called McCabe as a witness, who testified:

That McKinney had never been associated with him in any enterprise prior to August 19, 1902. "Q. Was the defendant Andrew McKinney connected with you in any way in this enterprise, by which I mean the enterprise indicated in plaintiff's Exhibits 7 and 8? A. He was never connected in any way with me. * * * I mean to say this: That as to associate, when I signed that document, I had no associate, and never had until the whole thing, the whole scheme, was put forth. * * * I never went to Mr. McKinney for a month after that was signed or two months. He was away."

Under cross-examination, McCabe testified: That McKinney never authorized him to execute Exhibits 6 or 7 or 8. "He never knew I had it until weeks afterwards." That he had never told McKinney that he had signed either of those papers and had never shown him a copy of them. That McKinney had never stated that he would pay any part of the money for the Great Eastern Railroad. That Lynch spoke about a meeting in September, which never took place, and Mr. McKinney was not here. That Lynch never saw McKinney until November. That in September, 1902, his recollection was that McKinney was in the hospital in Canada with typhoid fever. On redirect examination, McCabe testified that he did not tell McKinney that he had any option or call upon the control of any such road.

Plaintiff called the defendant McKinney, who testified that he was taken sick on the 31st of May at the yacht club; that he then went to a hospital in New York; that on his doctor's advice he went to Canada about the middle of June, and was taken down with typhoid fever at Lake St. John, and was sick up there all summer. Hospital bills were produced from July 30th to September 7th. McKinney further testified that he never had any correspondence with McCabe during June, July, and August about any business; that he was away at this time with typhoid fever, and could not have written letters.

The alleged newly discovered evidence grew out of the fact that after the trial the defendant McKinney permitted the plaintiff to search through the books and papers of his old firm, which had been dissolved, in a storage warehouse in Brooklyn, and there found a

telegram dated New York, September 2d, to "Andrew McKinney.  c/o Jeffery's State Hospital, Quebec."  It will be remembered that the alleged contract is dated August 19th.  This telegram read:

"Have been over Southern Railroad, also projected lines.  It is better than represented and one of the best propositions I know of.  Other parties trying to get it.  Shall I hold for you?  Important you advise me immediately. Answer.  R. T. McCabe."

McCabe averred in an affidavit filed in opposition to the motion that he received no reply to said telegram, and that he went to see other parties as already testified to by him, and that he did not see defendant McKinney in this regard until after he had come back to New York City after he had recovered.  Said telegram could not be received in evidence against McKinney upon the issue tendered.  An unanswered telegram of inquiry sent to a sick man two weeks after the making of the alleged contract does not establish the fact alleged and relied upon by the plaintiff that on August 19th McKinney was an associate of McCabe in the enterprise under consideration, and that McCabe signed the paper of that date with his knowledge, consent, and authority.  This alleged evidence being for the sole purpose of showing that McKinney was the associate of McCabe, and being incompetent and inadmissible for that purpose, of course, it would not affect the cause of action against McCabe.  Whether the dismissal of the complaint against McCabe was proper or not is not an open question.  It is fixed by the judgment unappealed from and unreversed. That judgment cannot be opened on alleged newly discovered evidence not affecting McCabe's responsibility to the plaintiff, but only claimed to connect McKinney with McCabe.

The order appealed from should be reversed, with $10 costs and disbursements to the appellants, and the motion denied, with $10 costs. All concur.