## HANSEN v. VOGELSANG.

(Supreme Court, Appellate Division, Second Department.　July 29, 1910.)

1. SALES (§ 440*)—WARRANTIES—ACTION FOR BREACH—ADMISSIBILITY OF EVIDENCE.

In an action for breach of warranty of the health of a cow sold, testimony of a veterinarian that he examined her about 20 days after her sale and delivery to plaintiff, and found her suffering from tuberculosis so far advanced that, in his judgment, such condition had existed prior to the sale, was improperly admitted.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 440.*]

2. EVIDENCE (§ 248*)—ADMISSIBILITY—ADMISSIONS.

Testimony as to a conversation between a witness and defendant's husband, in which the husband stated, some time prior to the sale, that the cow had an awful cough, the conversation not being in defendant's presence, and there being no evidence that she knew or was ever informed of it, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953–964; Dec. Dig. 248.*]

3. NEW TRIAL (§ 105*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

In an action for breach of warranty of the health of a cow sold, where plaintiff's witness testified falsely that he had killed the cow by order of the Commissioner of Agriculture, and the falsity of the testimony was not known to defendant at the time of trial, evidence of its falsity, subsequently discovered, was newly discovered evidence, entitling defendant to a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 221–223, 229; Dec. Dig. § 105.*]

Appeal from Nassau County Court.

See, also, 124 N. Y. Supp. 439.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

Allen Caruthers, for appellant.
Henry L. Maxson, for respondent.

RICH, J. Upon trial of this action in the Nassau County Court, the plaintiff had a verdict (the action being based upon the breach of a warranty in the sale of a cow) for the full value of the cow, together with $15 paid to a veterinary surgeon for his services in examining, treating, and killing the animal, and for a post mortem exami-

nation. From the judgment accordingly entered, and from an order denying her motion for a new trial, the defendant appeals. Later the defendant moved to set the verdict aside, and for a new trial, upon the ground of surprise and newly discovered evidence, and from the order denying such motion she perfected a second appeal. The parties have stipulated that the appeals should be heard and decided as one, although presented by separate records.

The issues of fact were sharply contested, and the conclusion that the cow was sold under a warranty as to her health is supported by the evidence. The plaintiff's case as to the falsity of the warranty rests upon the contention that upon examination of the animal by a veterinary surgeon, about 20 days after her sale and delivery to the plaintiff, he found her suffering from tuberculosis so far advanced that, in his judgment, such condition had existed prior to the sale. Under the objection and exception of the defendant, he was permitted to testify that he killed the cow by order of the Commissioner of Agriculture. It is conceded that this was untrue. The falsity of that statement was not known to the defendant at the time of the trial, and constitutes the newly discovered evidence upon which the defendant based her motion for a new trial. A witness called by the plaintiff (De Graff) was permitted, over defendant's objection and exception, to testify to a conversation had with defendant's husband, in which the latter stated, some time prior to the sale, that the cow had an awful cough, and that the witness gave Mr. Vogelsang some medicine to use therefor, with directions how to use it, but that he did not dare to use it. This conversation was not in the presence of the defendant, and there is no evidence that she knew or that she was ever informed of it. She testified that she did not. The testimony of these witnesses referred to was necessarily of considerable weight in determining the crucial question of fact as to whether the cow was unhealthy and unsound when the sale was made and warranty given. With this testimony out of the case, the jury would have been warranted in finding that the cow was healthy and sound when sold. Its admission was error, and the exceptions to the ruling, and to the refusal of the court to grant a motion for a new trial based upon the newly discovered evidence, present reversible error.

Judgment and orders reversed, and a new trial ordered; costs to abide the event.

WOODWARD, JENKS, and CARR, JJ., concur. HIRSCHBERG, P. J., concurs in result.

---

### HANSEN v. VOGELSANG.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

Appeal from Nassau County Court.

Action by Andrew Hansen against Lena Vogelsang. From a certain order, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.