nation. From the judgment accordingly entered, and from an order denying her motion for a new trial, the defendant appeals. Later the defendant moved to set the verdict aside, and for a new trial, upon the ground of surprise and newly discovered evidence, and from the order denying such motion she perfected a second appeal. The parties have stipulated that the appeals should be heard and decided as one, although presented by separate records.

The issues of fact were sharply contested, and the conclusion that the cow was sold under a warranty as to her health is supported by the evidence. The plaintiff's case as to the falsity of the warranty rests upon the contention that upon examination of the animal by a veterinary surgeon, about 20 days after her sale and delivery to the plaintiff, he found her suffering from tuberculosis so far advanced that, in his judgment, such condition had existed prior to the sale. Under the objection and exception of the defendant, he was permitted to testify that he killed the cow by order of the Commissioner of Agriculture. It is conceded that this was untrue. The falsity of that statement was not known to the defendant at the time of the trial, and constitutes the newly discovered evidence upon which the defendant based her motion for a new trial. A witness called by the plaintiff (De Graff) was permitted, over defendant's objection and exception, to testify to a conversation had with defendant's husband, in which the latter stated, some time prior to the sale, that the cow had an awful cough, and that the witness gave Mr. Vogelsang some medicine to use therefor, with directions how to use it, but that he did not dare to use it. This conversation was not in the presence of the defendant, and there is no evidence that she knew or that she was ever informed of it. She testified that she did not. The testimony of these witnesses referred to was necessarily of considerable weight in determining the crucial question of fact as to whether the cow was unhealthy and unsound when the sale was made and warranty given. With this testimony out of the case, the jury would have been warranted in finding that the cow was healthy and sound when sold. Its admission was error, and the exceptions to the ruling, and to the refusal of the court to grant a motion for a new trial based upon the newly discovered evidence, present reversible error.

Judgment and orders reversed, and a new trial ordered; costs to abide the event.

WOODWARD, JENKS, and CARR, JJ., concur. HIRSCH-BERG, P. J., concurs in result.

---

HANSEN v. VOGELSANG.

(Supreme Court, Appellate Division, Second Department.   July 29, 1910.)

Appeal from Nassau County Court.

Action by Andrew Hansen against Lena Vogelsang. From a certain order, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

PER CURIAM: Order of the County Court of Nassau county reversed, and new trial ordered; costs to abide the event. See opinion by RICH, J., 124 N. Y. Supp. 437.

HIRSCHBERG, P. J., concurs in result.

---

### FARRELL v. LEVY.

(Supreme Court, Appellate Division, Second Department.　July 29, 1910.)

1. CONTRACTS (§ 287*)—BUILDING CONTRACTS—EFFECT OF ARCHITECT'S CERTIFICATES.

　　When a building contract provides that the architect's certificates shall be conclusive, such provision must prevail unless the certificate be attacked for fraud, misconduct, or palpable mistake.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1326; Dec. Dig. § 287.*]

2. CONTRACTS (§ 346*)—BUILDING CONTRACTS—ACTIONS—PLEADING.

　　If a building contract provides that architect's certificates shall be conclusive, they cannot be attacked in an action by the contractor on the contract unless such defense has been affirmatively pleaded in the answer; but, where the contract expressly provides that no certificate given under the contract except the final certificate shall be conclusive evidence of performance, no such affirmative defense is necessary to such attack as to certificates other than the final one, and evidence of plaintiff's nonperformance is admissible, notwithstanding the issuance of the certificates, such issuance furnishing only prima facie evidence of performance in support of an allegation in the complaint that the work was performed.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1724, 1734; Dec. Dig. § 346.*]

Appeal from Trial Term, Kings County.

Action by Thomas Farrell against Mendel Levy. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Weschler & Rothschild, for appellant.

Charles C. Bunker, for respondent.

CARR, J. This is an appeal from a judgment entered in favor of the plaintiff, on a verdict of a jury directed by the trial court. The parties to this action had entered into a written contract for the installation and doing of certain work on a refrigerating plant in the borough of Brooklyn. This contract is pleaded in full as an exhibit to the complaint, and it provides for five distinct payments as the work progressed, to the plaintiff, at times and under conditions specified in the contract itself, which payments were to be made "in current funds, and only upon certificates of the architect." The contract likewise provided as follows:

"It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes