DE BEVOISE v. ADLER.

(Supreme Court, Appellate Division, Second Department. December 15, 1911.)

1. LANDLORD AND TENANT (§ 44*)—LEASE—CONDITIONS.

A provision, in a lease of premises for a mill, that the lessor will put tin on the ceiling on that part of the building where there is no brick free of charge, and expend a specified sum in securing the material, is a covenant, and not a condition, and the failure of the lessor to comply.

with the covenant does not justify the lessee for failing to take possession, but his remedy is by action for damages or by setting off his damages against the rent reserved.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 108–110; Dec. Dig. § 44.*]

2. EVIDENCE (§ 248*)—ADMISSIONS—HUSBAND AND WIFE.

Where a wife was not authorized to make an admission binding on her husband, a letter written by her containing an admission against the husband was not binding on him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953–964; Dec. Dig. § 248.*]

3. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

Where plaintiff was entitled to judgment on the undisputed facts, the error in admitting evidence was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

Appeal from Municipal Court, Borough of Queens, First District.

Action by Ella B. De Bevoise against Samuel Adler. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Adolph Waxenbaum, for appellant.

L. N. Manley, for respondent.

CARR, J. The defendant appeals from a judgment of the Municipal Court in the Borough of Queens in favor of the plaintiff in an action to recover arrears of rent reserved in a written lease. The lease was executed on September 10, 1910, for a term of five years beginning October 10, 1910, and it provided for an annual rental of $480, payable in equal monthly installments on the 10th day of each month. The defendant failed to take possession of the demised premises and refused to pay the installments of rent reserved in the lease. In this action he defended on the ground that the plaintiff had failed to perform a condition precedent on her part specified in the lease. After the usual covenants as to a demise of the premises and the payment of rent, a covenant appears in language as follows:

"It is hereby expressly understood and agreed that the property is being leased to be used as a shoddy mill. The party of the first part (the lessor) hereby agrees to put tin on the ceiling on that part of the building where there is no brick; the party of the first part hereby agrees to do all the labor free of charge and to expend as much as $30.00 in securing the material."

It appeared at the trial that the plaintiff had not performed this covenant up to the time the term was to begin. The defendant urges that the said covenant was in effect a condition precedent, and that failure to perform it put an end to his liability under the terms of the lease. So far as the proofs go, the defendant made no demand for its performance at any time. He simply failed to go into possession without any protest or explanation of his conduct. If the cove-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nant in question is to be construed as a condition precedent, then he did not become liable.

The law does not favor the creation of conditions without something in the language of the writing which indicates that a condition was intended.

"Conditions are not favored by the law; and hence they must be clearly expressed. It is true that no precise form of words is necessary to create them. The words, 'upon condition,' 'provided,' 'and if,' 'so that,' or other equivalent words, will be sufficient. But there must be some words, which, ex vi termini, import that the vesting or continuance of the estate is to depend upon the supposed condition." Craig v. Wells, 11 N. Y. 315.

If it be doubtful whether a clause is a covenant or a condition, the courts will so construe it, if possible, to avoid a forfeiture. Graves v. Deterling, 120 N. Y. 447, 455, 24 N. E. 655.

[1] The provision of the lease, which is in question, does not expressly provide that the promised work shall be done before the time set for the beginning of the term. Likewise there is no language which in any way indicates that the lessee should have the right to avoid the lease if the promise of the lessor should fail of performance. He had an ample remedy in case of such default, as he could set off the damages from the breach against the rent reserved in the lease, or, as the circumstances might justify him, he would have an original action for such damages. Hexter v. Knox, 63 N. Y. 561. The defendant offered no proofs at the trial to show damages.

[2, 3] We think the learned trial court did not err in construing the clause in the lease as being a covenant and not a condition, precedent or subsequent. The appellant complains of the admission in evidence of a letter written to the plaintiff by the defendant's wife some time before the day on which the term was to begin. As no authority was shown on the part of the defendant's wife to make the admissions contained in the letter, it was error to receive it, even, as the trial court said, "for what it is worth." Yet the admission was harmless, as the plaintiff was entitled to judgment on the undisputed facts, irrespective of the letter.

The judgment of the Municipal Court is affirmed, with costs. All concur.