Henrietta E. O'Connor, Respondent, *v.* Charles A. Collins, Appellant.

**Landlord and tenant — lease for term of years with privilege of extension at end of such term — provision that tenant shall pay increased rent when addition to building, which landlord agreed to make, is completed — when such addition is not completed and increased rental not paid, landlord may not insist, upon renewal of the lease, that the increased rent be paid.**

1. Plaintiff leased to defendant a four-story building in the city of New York for the term of ten years, with the privilege of renewal or extension for the term of eleven years thereafter. By one of the covenants of the lease, " the landlord agrees to add two more floors to said building and have them ready for occupancy on a date two years after the date of the lease, provided, however, that such addition does not conflict with any statute or ordinance, and does not involve making the building fireproof." The rent for the last eight years of the original term was fixed at a higher rate than for the previous two years, but there is a provision that payment of this additional amount " is conditioned upon the landlord's adding two additional floors to said building ready for occupancy in the beginning of the third year of the term." .During the second term the rent is increased. Nothing is said about reduction of rent during the term of the extension. The extra floors were not built, and for the remainder of the original term rent at the reduced rate was paid by the tenant and accepted by the landlord. With the renewal of the term the landlord insisted that rent at the increased rate per year was to be paid without abatement. He has brought this action for seven months' rent, computed at that rate. The defendant interposed a counterclaim for damages for breach of the covenant to build. He offered to prove that two additional stories could be constructed with floors of a height which would be a suitable and adequate improvement, having regard to the character of the building, the uses to which it was put and those to which it was adapted, and in compliance with the Building Code. The evidence should have been received, and, if as broad as the offer, and not otherwise overborne, it would have made a question for the jury.

2. There is nothing in the provision for reduction that relieves the landlord from the obligation of his covenant to build if he is able.

There is not even an agreement that the reduction shall be accepted as liquidated damages. Nor is there a practical construction that is favorable to the landlord to be declared as matter of law.

*O'Connor* v. *Collins,* 209 App. Div. 807, reversed.

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 10, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Benjamin F. Spellman* and *Howard H. Spellman* for appellant. The court's refusal to nonsuit the plaintiff was error. The complaint, as amended at the trial, failed to state a cause of action. (*Rosenthal Paper Co.,* v. *Nat. F. B. & P. Co.,* 226 N. Y. 313.) The refusal to admit evidence as to the possibility of adding two floors to the building, the consequent dismissal of the defendant's counterclaim and the direction of a verdict in favor of the plaintiff constituted error. (*People ex rel. City of N. Y.* v. *Nixon,* 229 N. Y. 356; *Cohen* v. *Lurie Co.,* 232 N. Y. 112; *Lamb* v. *Norcross,* 208 N. Y. 427; *People ex rel. Wells* v. *Craig,* 232 N. Y. 125.)

*Edmund L. Mooney* and *Frank I. Tierney* for respondent. The trial court did not err in its refusal to nonsuit the plaintiff. (*Thomson-Houston Co.* v. *Durant Land Co.,* 144 N. Y. 34; *Allen* v. *Culver,* 3 Den. 284; *Newman* v. *French,* 45 Hun, 65; *Baldwin* v. *Cohen,* 132 App. Div. 87.) Assuming that the defendant might assert and prove as a counterclaim a breach of the covenant for the erection of two floors in the building, it was necessary for him to assume the burden of proving that they were such floors as, within the contemplation of the parties, might be added within the space allowed by the building regulations for a non-fireproof building. (*Seymour* v. *Warren,* 179 N. Y. 1.)

CARDOZO, J. The action is for rent.

Plaintiff leased to defendant a four-story and basement building in the city of New York for the term of ten years from April, 1909, with the privilege of renewal or extension for the term of eleven years thereafter (*Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334). By one of the covenants of the lease, " the landlord agrees to add two more floors to said building and have them ready for occupancy on the first day of April, 1911," provided, however, that such addition does not conflict with any statute or ordinance, and does not involve making the building fireproof. The rent for the last eight years of the original term was fixed at $7,600 a year, but there is a provision that payment of this amount " is conditioned upon the landlord's adding two additional floors to said building ready for occupancy in the beginning of the third year of the term; otherwise the rental for said remaining eight years will be at the rate of $6,600 per year." During the second or extended term, the rent was to be $7,700 for the first year, with an additional $100 every year thereafter. Nothing is said about a reduction of rent during the term of the extension.

The extra floors were not built, and for the remainder of the original term rent at the reduced rate of $6,600 was paid by the tenant and accepted by the landlord. With the renewal of the term, a controversy ensued in respect of the payment that was due. The landlord insisted that rent at the prescribed rate of $7,700 per year was to be paid without abatement. He has sued in this action for seven months' rent, computed at that rate. The tenant insisted that the omission to provide for an abatement was the product of mutual mistake, and that even without such a provision, damages were due for the unexcused refusal to build the extra stories. In adherence to that position, he has set up two counterclaims in his answer. The first, a counterclaim for the reformation of the lease, was separately tried with the

outcome of a decision in favor of the landlord. The second, and the only one before us on this appeal, is a counterclaim for damages for breach of the covenant to build.

The Building Code of the city of New York prohibits the construction of a building of this type to a height in excess of seventy-five feet. Twenty-nine feet nine and a half inches could be added to the building as it now is without exceeding the prescribed limit. In this added space, after due allowance for the floorings and the roof, there would be room for two additional stories, each eight feet and three-quarters of an inch in height. The tenant offered to prove that floors of that height were a suitable and adequate improvement, having regard to the character of the building, the uses to which it was put and those to which it was adapted. The building is a storage warehouse, and for such a warehouse, floors of eight and nine feet are said to be preferable to others. The stories already built are not uniform in their dimensions. The height of the first is fourteen feet four and one-half inches; that of the second twelve feet ten and one-quarter inches; that of the third twelve feet ten and one-quarter inches; and that of the fourth ten feet and four inches. The trial judge took the view that the lowest of these dimensions should be adopted as the minimum. He held that the landlord was under no duty to build additional floors unless they could be made as high as the top floor of the existing structure. The defendant's offer of proof was rejected, and the counterclaim dismissed.

We think the evidence should have been received, and that, if as broad as the offer, and not otherwise overborne, it would have made a question for the jury. The effect of the landlord's refusal to build the extra stories is to impose upon the tenant a duty to pay as much rent during the renewed term for a building of four stories as would be due, if the addition had been made, for a building of six. These are harsh consequences which cannot reason-

ably be supposed to have been contemplated as possible or permissible until every reasonable effort had been exhausted to avert them. The lease prescribes no standard for the dimensions of the extra stories. In default of such provision, there must be recourse to implication, and the standard set by implication is that of the suitable and reasonable. We do not mean that utility alone is to be considered without reference to appearances, nor that present modes of occupation are to be taken as excluding others for which the building is adapted. The landlord is not at fault for failure to construct additions which architectural practice or business usage would condemn as unsightly or extraordinary or inappropriate or wasteful. The stories to be added must be shown to be fitting and desirable improvements in view of the character of the building and its uses present and prospective. Whether they are of this order is a question incapable of answer till the proofs have been supplied.

The point is made that by the true construction of the lease, the landlord had an option either to build the extra stories or to submit during part of the term to a reduction of the rent. We read the meaning otherwise. There is nothing in the provision for reduction that relieves the landlord from the obligation of his covenant to build if he is able. There is not even an agreement that the reduction shall be accepted as liquidated damages. The sliding scale is adopted in recognition of the fact that the covenant to build is not absolute, but conditional, and that circumstances may arise in which performance will be excused. If performance is not excused, the right to damages survives (*Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400, 405; *Pearson* v. *Williams' Admrs.*, 24 Wend. 244, 246; 26 Wend. 630; *Smith* v. *Bergengren*, 153 Mass. 236, 237).

We find no practical construction that is favorable to the landlord or none in any event that can be declared as matter of law: In all likelihood, the tenant was willing

to forego his claim for damages while reduction of the rent continued. He believed, even though mistakenly, that the reduction would not cease upon the renewal of the term. There was no occasion to speak earlier, or so the triers of the facts might say. Silence and inaction are not significant of surrender till notice of invasion becomes a challenge to resistance.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgments reversed, etc.