Mae C. O'Leary and Another, Plaintiffs, *v.* Atlantic Amusement Company, Defendant.

Supreme Court, Richmond County, April 2, 1926.

Trial — new trial on ground of perjury — claimant suffered injury while patronizing attraction in defendant's amusement park — defendant's employees testified that no similar accident had ever occurred — claim made that a plaintiff litigated prior action for injury suffered on same attraction three days following injuries herein — cases submitted on entirely different theories — perjury of employees relates to fact which, of itself, is irrelevant and immaterial — motion for new trial denied.

A new trial on the ground of perjury can only be granted where the perjury, which must be clearly established, relates to a competent and material fact. If the perjury relates to a fact which, of itself, is incompetent and irrelevant, it is immaterial and a new trial cannot be granted.

Accordingly, verdicts of no cause of action in favor of the defendant in actions to recover for personal injuries and loss of services occasioned by plaintiff's injury while a patron in defendant's amusement park, which were tried on the theory that the attraction was not reasonably safe in its construction, should not be set aside and new trials granted on the ground that plaintiffs have discovered perjury on the part of defendant's witnesses who testified that no similar accident ever had occurred, notwithstanding the fact that a plaintiff litigated a prior action for injuries claimed to have been suffered on the same attraction three days following the accident herein upon the theory that defendant failed to keep the attraction in proper repair, since the respective accidents were, in fact, dissimilar and were tried upon entirely different theories, and the testimony given by defendant's witnesses relates only to a fact which, of itself, was incompetent and irrelevant and, therefore, immaterial.

Motions by plaintiffs for orders setting aside verdicts for defendant and for a new trial, on the ground that they had discovered perjury in defendant's testimony.

*Bertram G. Eadie*, for the plaintiffs.

*Reed, Jenkins, Dimmick & Finnegan*, for the defendant.

Hagarty, J. The plaintiffs move for orders setting aside the verdicts rendered by the jury in favor of the defendant and for a new trial, on the ground that they have discovered perjury in a part of the defendant's testimony. The plaintiff Mae C. O'Leary was injured in the defendant's amusement park at Coney Island on the 3d day of July, 1923, while she was a patron of an attraction

known as " The Whirlpool." The second action is brought by her husband. The cases were tried in December, 1924.

Defendant's negligence was predicated by the plaintiffs upon the faulty construction of the attraction in that there was not sufficient covering or padding on the inward projection of the edge of the bowl, against which patrons slid when thrown from the top of the center by the centrifugal force resulting from the revolutions of the bowl. The cases were submitted to the jury upon the theory that the apparatus was not reasonably safe in its construction.

Three of the defendant's employees testified that no similar accident had ever occurred. In a case against the same defendant, tried in Queens county in March, 1925, the plaintiff claimed to have been injured in the same bowl on the 6th day of July, 1923, by reason of the catching of her foot in a tear in the padding. Upon the discovery of the record in that case in the Appellate Division of this court by the plaintiffs, these motions were made. The claim there was not based upon the theory of defective construction of the bowl, but upon negligence in keeping it in proper repair.

Evidence that for a period of years experience has proven an instrumentality to be sufficient and proper for the purpose for which it is intended is admissible, and this may be proven by showing that for a period of time no similar accident has occurred. (*Loftus* v. *Union Ferry Co. of Brooklyn,* 84 N. Y. 455, 460; *Dougan* v. *Champlain Transp. Co.,* 56 id. 1; *Crocheron* v. *North Shore Staten Island Ferry Co.,* Id. 656; *Hubbell* v. *City of Yonkers,* 104 id. 434, 439; *Butler* v. *Village of Oxford,* 186 id. 444, 446.) But evidence that an accident happened because of the lack of proper repairs on a sufficient instrumentality would not be relevant or competent on the issue of whether or not an accident was occasioned by reason of defective or inadequate construction. (See *Gillrie* v. *City of Lockport,* 122 N. Y. 403, 406, 407.) In this case it would have been reversible error to have permitted evidence as to the injury caused by the tear. (*Brady* v. *Manhattan R. Co.,* 127 N. Y. 46; *Paul* v. *Consolidated Fire Works Co.,* 177 App. Div. 85, 88; *Morrow* v. *Westchester Electric R. Co.,* 54 id. 592; affd., 172 N. Y. 638.)

Plaintiffs charge perjury in the testimony of the three witnesses called by the defendant. In such cases a new trial will be granted only where two factors concur: (1) Where the perjury is clearly established; and (2) where the perjury relates to a competent and material fact. The accidents were in fact dissimilar, and the cases were tried upon entirely dissimilar theories. Further, the perjury claimed relates to a fact which of itself was incompetent and irrelevant in these cases, and, therefore, was immaterial and under the rule new trials cannot be granted. (*Lynch* v. *McCabe,* 126 App. Div. 744. See, also, *Hansen* v. *Vogelsang,* 139 App. Div.

759; *Shanahan* v. *Feltman*, 154 id. 809, 813; *Hammond* v. *Delaware, L. & W. R. R. Co.*, 140 id. 810; *Laskofsky* v. *Pocahontas Consol. Collieries Co.*, 179 id. 861.)

Motions denied, without costs.