■ SULTANIJA SUJAK, Individually and as Mother and Natural Guardian of ZECO SUJAK and Others, Infants, Appellant, v JOSEPH BUONO et al., Respondents. [656 NYS2d 339] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester

County (Lefkowitz, J.), entered January 11, 1996, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff Sultanija Sujak, individually and on behalf of her infant children, commenced this action to recover damages for injuries allegedly sustained when two of the infant children were bitten by a dog on the defendants' property. The dog belonged to Rose Bedford, a prior tenant who had vacated the premises, but left the dog behind. At trial, Bedford testified over the plaintiffs' objection that Sujak's husband, who is not a party to this action, told Bedford that he would love to keep the dog when she moved out. The jury returned a verdict in favor of the defendants.

The trial court allowed Bedford to testify to the hearsay statement by Sujak's husband, on the theory that he was the plaintiff's agent. However, there was no evidence to support a finding that Sujak's husband was acting as an agent for Sujak or their children when he made the statement in question. Sujak had asked the defendants to remove the dog before she moved in, and there is no indication that she was aware that her husband, who never lived on the premises in question, had made the statement to Bedford.

Absent some evidence that Sujak's husband was acting as an authorized agent when he made the statement, or that Sujak was present when the statement was made so that her silence can be deemed a tacit admission, the statement was not admissible on an agency theory (*see, De Bevoise v Adler,* 147 App Div 526; *Hansen v Vogelsang,* 139 App Div 759; *see also,* Prince, Richardson on Evidence § 8-244 [Farrell 11th ed]; 57 NY Jur 2d, Evidence and Witnesses, § 309). Admission of the statement was unfairly prejudicial to the plaintiffs, and a new trial is required (*see, Quaglio v Tomaselli,* 99 AD2d 487).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.