■ LOUIS NITTI et al., Respondents, v CATHERINE A. GOOD-FELLOW, Appellant. [682 NYS2d 762] —Judgment unanimously reversed on the law with costs, judgment ordered and new trial granted on damages on the third and fourth counterclaims in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for defendant's alleged breach of a lease. Defendant appeals from a judgment entered following a bench trial awarding plaintiffs $66,701.52 plus interest, costs and disbursements. Supreme Court found that the premises were "substantially completed" and ready for occupancy at the end of March 1995, that defendant breached the lease by failing to occupy the premises and pay rent, and that plaintiffs were thus entitled to recover rent for 22 months from April 1995 through January 1997 (the time of trial), a total of $79,841.52, offset by credits to defendant of $13,140.

The court erred in granting judgment to plaintiffs on the ground that defendant breached the lease. Defendant is entitled to judgment for plaintiffs' breach, i.e., the failure of plaintiffs to complete all work, including "remodeling and decorations", required of them by the lease and reasonably necessary in order to allow defendant to occupy the premises, and we order that judgment be entered accordingly.

Section 5.01 of the lease obligated plaintiffs as follows: "Prior to February 1, 1995, Landlord will provide the remodeling and decorations provided in attached Plans and Specifications." The lease did not obligate defendant to make improvements and in fact forbade her from making any alterations or additions without plaintiffs' prior written consent. Other provisions of the lease stated that the lease term was 10 years, commencing when the "premises are ready for occupancy as per plans and specifications attached", and that defendant was not obligated to occupy the premises and pay rent until the premises were in fact ready for occupancy. The lease stated that defendant would use the premises for her medical office and obligated her to "open for business at the commencement of the term of this Lease" or else be declared in default. Those provisions compel the conclusion that plaintiffs were obligated to finish all remodeling and decorating work before defendant was obligated to occupy the premises and pay rent. There is no basis under the lease to conclude, as the trial court did, that plaintiffs were justified in declaring the premises ready for oc-

cupancy upon completion of some (but by no means all) structural work. Neither is there any support for the implicit finding that defendant was required to perform all finishing work. Because plaintiffs failed to perform their obligations under the lease, defendant never became obligated to occupy the premises and pay rent. Our conclusion that plaintiffs breached the lease is not affected by the parties' dispute over whether the court properly refused, under the parol evidence rule, to consider the interior design proposal prepared by defendant's designer.

Concerning defendant's remedy for plaintiffs' breach of the lease, we conclude that the court properly awarded defendant the $13,140 sought by her in her first and second counterclaims. That aspect of the judgment has not been challenged and survives the appeal. Defendant is entitled to a new trial on damages on her third and fourth counterclaims, which seek recovery of $65,000 and $82,000, respectively, in lost income, loss of use of the property, and other costs incurred as a result of plaintiffs' failure to make the premises ready for occupancy. Upon trial of those counterclaims, the court must determine whether those amounts are recoverable, i.e., whether they were proximately caused by plaintiffs' breach and were fairly within the contemplation of the parties when they entered into the contract (*see generally*, 74 NY Jur 2d, Landlord and Tenant, §§ 214-215). (Appeal from Judgment of Supreme Court, Monroe County, Kehoe, J.—Contract.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.