■ Cybersettle.com, Inc., Respondent, v Northern Westchester Professional Park Associates et al., Appellants. [769 NYS2d 410]—

In an action, inter alia, to recover damages for breach of certain leases, the defendants appeal from (1) a decision of the Supreme Court, Westchester County (Donovan, J.), dated August 9, 2002, and (2) a judgment of the same court entered August 14, 2002, which, after a nonjury trial and upon the deci-

sion, is in favor of the plaintiff and against the defendant Northern Westchester Professional Park Associates in the principal sum of $199,014 and reduced the plaintiff's rent by 15% for the months of July, August and September 2002.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal by the defendant Merv Blank from the judgment is dismissed, as he is not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof reducing the plaintiff's rent by 15% for the months of July, August, and September 2002; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the contention of the defendant landlord, Northern Westchester Professional Park Associates, the Supreme Court properly awarded the plaintiff tenant compensatory damages based on the difference between the rent actually paid, and the rental value of the premises as a result of the landlord's breach of the lease obligations to clean, maintain, and repair (*see City of New York v Pike Realty Corp.,* 247 NY 245 [1928]; *West Broadway Glass Co. v I.T.M. Bar,* 245 AD2d 232 [1997]; *Ripley Mfg. Corp. v Roosevelt Field,* 18 AD2d 924 [1963]). The resulting calculation of damages was reasonable and should not be disturbed.

However, the Supreme Court erred in reducing the plaintiff's rent by 15% for the months of July, August and September 2002. There was no evidence that the tenant paid any rent for those months. Thus, it was improper for the Supreme Court to authorize the tenant to prospectively withhold a portion of its future rent. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.