■ CASA BOSCO, INC., Respondent, v 118-01 METROPOLITAN AVENUE REALTY CORP. et al., Defendants, and 118-01/21 METROPOLITAN AVENUE, LLC, et al., Appellants. [812 NYS2d 882]—

In an action, inter alia, to recover damages for breach of a lease, the defendants 118-01/21 Metropolitan Avenue, LLC, and Stonecrest Management Company appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered July 8, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court entered February 7, 2005, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 8, 2004 is dismissed, without costs or disbursements, as that order was superseded by the order entered February 7, 2005, made upon reargument; and it is further,

Ordered that the order entered February 7, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The appellants failed to tender sufficient evidence to demonstrate the absence of a triable issue of fact. Thus, they failed to establish their prima facie entitlement to judgment as a matter of law, and that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Even assuming that the plaintiff's claim for lost profits is speculative, the plaintiff may be entitled to recover, upon proof of a breach of the lease obligations by the landlord, the difference between the rent actually paid and the rental value of the premises as a result of the landlord's breach (*see Cybersettle.Com, Inc. v Northern Westchester Professional Park Assoc.*, 2 AD3d 768; *West Broadway Glass Co. v I.T.M. Bar*, 245 AD2d 232 [1997]).

The appellants' remaining contentions are without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.