▆ UNIVERSITY PLAZA TX. LIMITED PARTNERSHIP, Respondent, v LARRY'S MEXICAN RESTAURANT, INC., et al., Appellants. [822 NYS2d 344]—

Appeal from an amended order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered March 6, 2006 in a breach of contract action. The amended order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the amended order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff and defendant Larry's Mexican Restaurant, Inc. (Restaurant) entered into an agreement on September 10, 2004 whereby plaintiff leased property in Houston, Texas to the Restaurant. Defendants Eberardo Guerrero, III, also known as Eberardo Guerrero, also known as Eberarardo (Eberardo), and Eleanor Guerrero were guarantors on the lease. Pursuant to the terms of the agreement, the Restaurant's obligations under the lease would commence on September 1, 2004, or when plaintiff delivered possession of the leased premises, "whichever occurr[ed] last," and the lease term was for a period of 62 months. In August 2005, plaintiff commenced this action asserting causes of action for declaratory relief, specific performance, breach of contract, and unjust enrichment. In support of the last three causes of action, plaintiff alleged that, on or about July 5, 2005, plaintiff, by and through it agents, advised the Restaurant "that the premises were ready for delivery to and possession by" the Restaurant. Defendants thereafter moved for a permanent stay of arbitration and for summary judgment dismissing the complaint, and Supreme Court granted those parts of the motion for a permanent stay of arbitration and for summary judgment dismissing the second cause of action. We agree with defendants that the court should have granted their motion in its entirety.

We note at the outset that the court should have granted that part of the motion with respect to the first cause of action, for declaratory relief, because in this breach of contract action "there is no necessity for resorting to [a] declaratory judgment" (*James v Alderton Dock Yards*, 256 NY 298, 305 [1931], *rearg denied* 256 NY 681 [1931]; *see generally Harris v Town of Mendon*, 284 AD2d 988, 988-989 [2001]). With respect to the

remaining two causes of action, for breach of contract and unjust enrichment, defendants met their initial burden by establishing that plaintiff failed to perform its obligations under the lease, and therefore the Restaurant never became obligated to occupy the premises and to pay rent (*see Nitti v Goodfellow*, 256 AD2d 1082, 1083 [1998], *lv dismissed* 93 NY2d 999 [1999]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Pursuant to the lease agreement, plaintiff agreed to provide a "vanilla box," which is defined in relevant part as walls "ready for paint" and flooring "ready for final floor preparation." In support of their motion, defendants submitted the affidavit of Eberardo, who averred that he was advised on July 5th that the premises were ready for occupancy but that, upon his personal inspection of the premises, he discovered, inter alia, that the walls were not ready for paint and that the flooring was not ready for final preparation.

In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Plaintiff did not dispute that the floors and walls were not in compliance with the terms of the lease agreement. Rather, plaintiff contended for the first time that it never tendered possession of the premises to the Restaurant and, in support of that contention, plaintiff submitted an affidavit of its project manager in which he denied that he informed Eberardo that the premises were ready on July 5th. If, however, the premises were never tendered to the Restaurant, then the Restaurant's obligations under the lease agreement never commenced and defendants nevertheless would be entitled to summary judgment dismissing the complaint in its entirety. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.