■ CREATIVE KIDS ENRICHMENT, LLC, Respondent, v YORK-TOWN OFFICE WAREHOUSE, LLC, Appellant. [838 NYS2d 149]—

In an action to recover damages for breach of contract, for specific performance, and for injunctive relief, the defendant appeals from stated portions of an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 29, 2006, which, inter alia, denied its cross motion for summary judgment dismissing the complaint and to cancel a notice of pendency.

Ordered that order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendant's cross motion which was to cancel the notice of pendency and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The parties entered into a lease dated October 10, 2003, by which the plaintiff agreed to lease a portion of the defendant's premises for the purpose of running a child daycare facility. The lease provided that the defendant would construct the building, install utilities, and obtain a certificate of occupancy "as soon as reasonably possible, but not later than May 1, 2004." The lease further provided that the defendant "shall promptly deliver possession" of the premises to the plaintiff, and the plaintiff shall accept possession of the premises, upon the defendant's "completion of Landlord's work and improvements." When the building had not been completed by March 30, 2005, the plaintiff

commenced this action to recover damages for breach of contract, as well as for specific performance and injunctive relief. The defendant obtained a certificate of occupancy for the building on August 16, 2005.

As the party seeking summary judgment, the defendant had the burden of establishing prima facie its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; St. Claire v Empire Gen. Contr. & Painting Corp., 33 AD3d 611 [2006]). Since the defendant explicitly agreed in the lease to complete the construction by a date certain, its failure to do so gives rise to a cause of action by the plaintiff for damages (see O'Connor v Collins, 239 NY 457, 461 [1925]; Nitti v Goodfellow, 256 AD2d 1082, 1083 [1998]; De Bevoise v Adler, 147 App Div 526, 527 [1911]). Because the defendant did not meet its burden, denial of the summary judgment motion was required (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Alvarez v Prospect Hosp., supra; La Lanterna, Inc. v Fareri Enters., Inc., 37 AD3d 420 [2007]; Casa Bosco, Inc. v 118-01 Metro. Ave. Realty Corp., 28 AD3d 698 [2006]). As the Supreme Court properly held, however, there were outstanding issues of fact as to the parties' respective responsibility for the delay.

The parties had already stipulated that the defendant would deliver to the plaintiff the keys to the premises and that in turn, would cancel the notice of pendency. Accordingly, that branch of the defendant's cross motion which was to cancel the notice of pendency was rendered academic by the parties' stipulation.

The defendant's remaining contentions either are without merit or have been rendered academic by the parties' stipulation. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.