■ JEP, LLC, Appellant, v DIALYSIS 4 CAREER, LLC, et al., Respondents. (And a Third-Party Action.) [986 NYS2d 848]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 15, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The plaintiff leased certain commercial premises to the defendant Dialysis 4 Career, LLC (hereinafter Dialysis), for its use as a medical training facility. The defendant Lamarr Holland executed the lease as president of Dialysis and as personal guarantor of Dialysis's obligations under the lease. The lease provided, inter alia, that Dialysis "shall use and occupy the premises" as a "medical training facility and for no other purpose" and that Dialysis "shall not, at any time, use or occupy the premises or do or permit anything to be done in the premises, in violation of the Certificate of Occupancy for the premises." The lease also provided that the plaintiff landlord

"makes no representation that the use of the premises as set forth on page 1 of the printed form is permitted by the existing Certificate of Occupancy."

After the lease term commenced, the defendants began to undertake renovations to the premises for the opening of the medical training facility. It was during these renovations that the defendants discovered that the certificate of occupancy for the building precluded them from operating a medical training facility at the premises. Dialysis ceased its renovations and vacated the premises. The plaintiff thereafter commenced the instant action to recover damages for breach of contract. The defendants answered the complaint and asserted a counterclaim for breach of the lease. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiff appeals.

The defendants failed to demonstrate as a matter of law that the provisions of the lease which disclaimed any representations made by the plaintiff and obligated Dialysis to comply with the certificate of occupancy were not applicable (*see Thriftway Servs. Corp. v Shevchenko*, 35 AD3d 442 [2006]). The defendants also failed to demonstrate that it was the plaintiff's responsibility to obtain a certificate of occupancy that would permit the defendants to use the premises as a medical training facility (*cf. 84-16 Queens Blvd. Realty Corp. v Raymours Furniture Co., Inc.*, 105 AD3d 892 [2013]; *Creative Kids Enrichment, LLC v Yorktown Off. Warehouse, LLC*, 41 AD3d 416, 416 [2007]). Consequently, because the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should not have awarded them summary judgment. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.